## COLORADO LIFE CO. v. SHOFNER.

### No. 3384.

Court of Civil Appeals of Texas. Beaumont.

Feb. 23, 1939.

J. L. Goggans, of Dallas, for appellant.

Sanders & McLeroy, of Center, for appellee.

WALKER, Chief Justice.

On the 25th day of August, 1936, on his application made and premium paid on the 12th day of August, 1936, appellant, the Colorado Life Company, issued to appellee, Oscar Shofner, its policy of insurance, insuring him "Against an 'Accident' suffered while this policy be in full force, For the Principal sum of $1,000.00, and For Monthly Accidemnity of $50.00; and against 'Sickness' beginning while this policy be in full force from causes and conditions which begin and originate thirty days from and after the date hereof,

"For Monthly Sickness Indemnity of .....$50.00."

The policy provided: "Hernia or Strain shall be deemed 'Sickness' if any disability results therefrom."

This suit was filed in county court of Shelby County by appellee against appellant for benefits under the policy, and the fact issues raised by his petition were submitted to the jury by the following questions, answered as indicated: "Special Issue No. One: Do you find from a preponderance of the evidence in this case that Oscar Shofner sustained an injury on or

about the 14th day of September, 1936?" To which the jury answered "yes".

"Special Issue No. Two: By a preponderance of the evidence, was such injury, if any, the result of an accident?" To which the jury answered "yes".

"Special Issue No. Three: Do you find from a preponderance of the evidence that such injury, if any produced or caused a Hernia to the person of Oscar Shofner?" To which the jury answered "yes".

"Special Issue No. Four: Do you find from a preponderance of the evidence that such Hernia, if any, was produced or brought about as the result of such injury, if any you have found?" To which the jury answered "yes".

"Special Issue No. Six: Do you find from a preponderance of the evidence that such accident, if any, disabled the insured?" To which the jury answered "yes".

"Special Issue No. Seven: Do you find from a preponderance of the evidence that such disability, if any, occurred instantly?" To which the jury answered "yes".

"Special Issue No. Eight: Do you find from a preponderance of the evidence that such accident, if any, at the time it occurred so disabled the plaintiff, Oscar Shofner, as to prevent him from performing any and every duty pertaining to his occupation?" To which the jury answered "yes".

"Special Issue No. Nine: By a preponderance of the evidence for what period of time, if any, do you find that plaintiff was disabled?" To which the jury answered "7 months".

"Special Issue No. Ten: Do you find by a preponderance of the evidence that the plaintiff required regular treatment by a physician, as the result of such injury, if any?" To which the jury answered "yes".

"Special Issue No. Eleven: Do you find by a preponderance of the evidence that the plaintiff received regular treatment by a physician during the time he was disabled, if any?" To which the jury answered "yes."

On the verdict judgment was rendered in appellee's favor for the relief prayed for.

■ The verdict of the jury and the undisputed facts do not support the judgment. The parties had the right by their contract to declare that "hernia" should be deemed "sickness" and that only sickness which began while the policy was in full force, from causes and conditions which began and originated 30 days from and after the date of the policy, should be within its coverage. There is no ambiguity in the language of the policy. It is simple, clear, and specific and, as written, must be enforced. In Metropolitan Life Ins. Co. v. Wilson, Tex.Civ.App., 102 S.W. 2d 454, 456, this court said: "So it seems to us, as we have above stated, that the policy provisions are plain and unambiguous. The policy provisions in question being plain, there is no room for the application of rules of construction. Such rules, for instance as the rule that policy provisions are to be construed most favorably to the insured and against the insurer, are applied only where there is doubt or uncertainty. They can never be used to change the meaning of that which the parties have plainly stated so as to make a different contract than the parties themselves made. Except where prohibited by law, parties to an insurance contract have the same freedom of contract as parties entering into any other form of agreement. They may contract as to the extent and the limitations of the coverage with the same freedom that they may contract for the payment of the premiums or any other provisions of the policy. Here the parties contracted for insurance coverage for disabilities resulting from nonoccupational causes. This they had the right to do, and the courts cannot add additional liabilities by reading into the contract provisions which the parties did not put there."

■ Appellee could recover benefits under the policy only by bringing himself within its coverage. Under all the evidence and the verdict of the jury, appellee suffered a hernia which by the language of the policy, on the issue of disability, must be deemed sickness. But he suffered hernia—this disability, this sickness—before the coverage of the policy was in effect. Foster v. North American Accident Ins. Co., Tex.Civ.App., 86 S.W.2d 476, by this court, answers every suggestion of "ambiguity" made by appellee.

The judgment of the lower court is reversed and judgment here rendered for appellant.

Reversed and rendered.