UNITED AMERICAN INSURANCE COMPANY, Appellant,

v.

Francis L. PITTILLO, Appellee.

No. 3484.

Court of Civil Appeals of Texas.

Waco.

Nov. 7, 1957.

Rehearing Denied Jan. 2, 1958.

Chaney & Harless, Dallas, for appellant.

Fitzpatrick & Fitzpatrick, Waco, for appellee.

TIREY, Justice.

This suit (non-jury) was brought to recover on a hospital and surgical benefit insurance policy. In the decree we find this recital: " * * * a jury being waived, all matters of fact as well as of law were submitted to the Court, who, after hearing the pleadings read, the evidence adduced and the argument of counsel, is of the opinion and so finds that the plaintiff is entitled to recover of and from the defendant on the policy sued upon the sum of $154.30, together with twelve per cent penalty amounting to the sum of $18.52 and an attorney's fee in the sum of $150 to be taxed as a part of the costs in this cause" and the court decreed accordingly.

The insurance company in open court duly excepted to the judgment and gave notice of appeal to this court and perfected its appeal. There was no request for findings of fact and conclusions of law and none filed.

The decree entered is assailed on one point. It is to the effect that the court erred in granting judgment to appellee for hospital and surgical benefits under a hospital and surgical expense policy where the illness and loss resulted in a surgical operation before said policy had been in force for six months, such benefits being expressly excluded by the terms of the policy.

A statement is necessary.

It is admitted by appellee that the law suit for hospital and surgical expenses incurred resulted from a surgical operation occurring within six months of the date of the policy. The amount of the judgment was stipulated by the parties. Appellee went to trial on his original petition. He alleged substantially that on February 1, 1956, the defendant, for a valuable consideration to it in hand paid by him, issued its certain policy of ˙health, accident, medical and sickness insurance wherein defendant agreed to and did insure him against loss and agreed to pay him against loss for hospital confinement, including doctor's and surgeon's fees resulting from sickness, which originated while the policy was in effect and after the date thereof, according to the terms of said policy here referred to and made a part thereof for all purposes; that thereafter on or about July 9, 1956, and while said policy and contract of insurance was in full force and effect and while all the premiums due thereon were fully paid, plaintiff became ill and consulted a physician on July 9, 1956, and was thereafter taken to Providence Hospital on July 19, 1956, and on July 20, 1956 was operated upon and incurred certain doctor's bills and hospital bills, the amount of which are not here in dispute; that plaintiff seasonably filed proof of loss and that his claim was denied. He further sued for attorney's fees by reason of the failure of the insurance company to pay his claim, and the amount of attorney's fees found by the court is not questioned, except as to liability under the terms of the policy.

Appellee went to trial on its original answer and pertinent to this discussion entered a general denial and specially answered in effect that there was no liability under the terms of the policy and set out a clause in the policy denominated "limitations and exclusions," being Part 10, Paragraph 2, which reads as follows:

" * * * any loss, sickness or disability (except in connection with accidental bodily injury) which results in a surgical operation, shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding six months."

Appellant further specially pleaded that Policy H–236,409, upon which plaintiff sued, was issued to him February 1, 1956, and that the loss plaintiff incurred and for which he sued resulted from a surgical operation performed on July 20, 1956, namely a fissurectomy and pectinotomy, and that since said operation was performed less than six months from the effective date of said policy defendant is not liable for the loss incurred and for which plaintiff sues under the terms and provisions of the policy.

Appellee in his brief urges four counter points. They are substantially: (1) Where the language of a policy of insurance is unambiguous and susceptible of but one reasonable construction, the court will interpret it as made, and the policy sued on providing without qualification that appellant will pay the benefits provided therein for hospital confinement and other specified expense (b) resulting from sickness which originates while the policy is in effect and after the date hereof, the court therefore did not err in rendering judgment thereon in favor of appellee. (2) Where the language of an insurance policy is susceptible of more than one construction, it will be interpreted strictly against the insurer and liberally in favor of the insured, and since the policy sued on is susceptible of more than one construction, the trial court therefore did not err in interpreting the same strictly against the insurer and in favor of the insured and in rendering judgment in favor of appellee. (3) The law is well settled that a general exception which renders nugatory a prior specific provision, the general exception must yield to such prior specific provision, and since the policy provides in the insuring clause that the appellant will pay the benefits provided therein for hospital confinement and other specified expense resulting from sickness which originates while the policy is in effect and after the date hereof and thereafter provides that it will not pay any loss, sickness or disability unless the cause thereof originates after the

policy has been in continuous force for the preceding six months, the latter provision is therefore repugnant to the prior specific provision, the prior specific provision will therefore prevail, and the trial court did not err in so holding. (4) Any ambiguity in an insurance contract which was drafted by the insurer will be resolved in favor of the insured against the insurer, and if the provision in the policy "that any loss, sickness or disability * * * which results in a surgical operation shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding six months" conflicts with the prior provision that appellant "will pay the benefits provided herein for hospital confinement and other specified expense (b) resulting from sickness, which originates while this policy is in effect and after the date hereof," then the court properly resolved such conflict in favor of appellee and correctly rendered judgment against appellant.

Appellee relies on and cites the following authorities to sustain him in his counter points: 10 C.J.S. p. 338; Fidelity Union Cas. Co. v. Wilkinson, Tex.Civ.App., 94 S. W.2d 763 (aff. by S.Ct.); Franklin Life Ins. Co. v. Woodyard, Tex.Civ.App., 206 S. W.2d 93 (no writ history); Home Ins. Co., N. Y. v. Rose, 152 Tex. 222, 255 S.W.2d 861; Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 229 S.W.2d 605; Provident Life & Acc. Ins. Co. v. Deckard, Tex.Civ. App., 179 S.W.2d 828; Provident Life Ins. Co. v. Lemmons, Tex.Civ.App., 63 S.W.2d 392 (no writ history); Snyder v. St. Paul Mercury Indemnity Co., Tex.Civ.App., 191 S.W.2d 107 (writ ref.); United Service Automobile Association v. Miles, 139 Tex. 138, 161 S.W.2d 1048; Warren v. Continental Cas. Co., Tex.Civ.App., 248 S.W.2d 315.

In Home Insurance Co., N. Y. v. Rose, supra [152 Tex. 222, 255 S.W.2d 863] cited by appellee, we find this statement of the rule which we think is applicable here: "The language used being plain and unambiguous, the contract of insurance

must be enforced as made." Our Supreme Court has not seen fit to modify or change the foregoing rule. Is such rule applicable to the contract here in suit? We think it is. In the insuring clause, which is the first paragraph of the contract, we find this provision: "United American Insurance Company, Dallas, Texas, (herein called the 'Company') hereby insures the Applicant first named in the following Schedule A, hereinafter called the Insured, and all dependent members of the Insured's family, if any, named in said Schedule (all of whom, including the Insured, are hereinafter called the Family Group), against loss, *subject to all provisions and limitations herein contained,* and will pay the benefits provided herein for hospital confinement and other specified expense (a) resulting from accidental bodily injury sustained while this policy is in effect, hereinafter referred to as such injury; and (b) resulting from sickness which originates while this policy is in effect and after the date hereof, hereinafter referred to as such sickness; and (c) after ten months from the date hereof, resulting from childbirth, pregnancy or complications therefrom." Then follows Schedule A, then follows Part I, which is a detailed statement of hospital expense benefits; Part 2 deals with benefits for maternity; Part 3 with benefit for surgical operations; Part 4 with benefit for home nurse expense; Part 5 with benefit for ambulance expense; Part 6 with benefit for medical care in hospital; Part 7 with benefit for first aid treatment for minor injuries; Part 8 with refund of premiums for loss of life from accident; Part 9 with the grace period; and Part 10 with limitations and exclusions. Paragraph 2 of Part 10 is applicable here, and it provides: "2. Any loss, sickness or disability resulting wholly or partly in or from cancer, hernia or rupture caused by accident or otherwise, any disease of the heart or circulatory system, or disorders of the biliary tract *shall be covered only if the cause thereof originates after this policy shall have been in continuous force for the preceding six months. Any loss,*

*sickness or disability (except in connection with accidental bodily injury) which results in a surgical operation, shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding six months."* (Emphasis ours.)

■ Going back to the undisputed factual situation we find that the policy was issued to appellee on February 1, 1956, and he alleges that he was taken ill and entered Providence Hospital on the 19th of July 1956, and the next day, July 20th, he had his operation, so this record is without dispute that appellee's illness and his resultant surgical operation was performed five months and nineteen days after the effective date of the policy, which was February 1, 1956. Going back to the insuring clause in the policy, which we. have quoted and which is the first paragraph in the policy, we find that such paragraph contains the clause "against loss, subject to all provisions and limitations herein contained," and when we look to the limitations and exclusions contained in Part 10 of the policy we find that Paragraph 2 thereof specifically provides that the illness which results in a surgical operation shall be covered only if the cause thereof originates after this policy has been in continuous force for the preceding six months. It appears to us that this language is clear and specific and is free from ambiguity.

In United States Fidelity & Guaranty Co. v. Baldwin Motor Co., Tex.Com.App., 34 S.W.2d 815, 818, we find this statement of the rule: "While policies of insurance should be construed most favorably to the insured, they must not be so construed as to make a new contract in disregard of the plain and unambiguous language used. Where the language used is plain and unambiguous, courts must enforce the contract as made by the parties." This foregoing principle was applied by the Beaumont .Court of Civil Appeals in Colorado Life Co. v. Shofner, 125 S.W.2d 638, 639, where we find this statement: "Appellee

could recover benefits under the policy only by bringing himself within its coverage." That is the exact situation that the appellee has here, and this he failed to do because his illness and surgical operation occurred before the policy had been in force and effect for a period of six months, and we know of no way to abrogate this plain provision of the contract; nor can we rewrite it.

It is indeed regrettable that the insured did not obtain in this policy the coverage that he believed he was paying for, but since the evidence is without dispute that appellee failed to bring himself within the limitation and exclusion clause of the policy, he cannot recover, and the judgment of the trial court must be reversed and judgment rendered in favor of appellant.

Reversed and rendered.