**EMPLOYERS CASUALTY COMPANY, Appellant,**

v.

**Willard Leslie PATTERSON, Appellee.**

**No. 7018.**

Court of Civil Appeals of Texas.

Amarillo.

Feb. 13, 1961.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Campbell, Brock, Wright & Waters, Lubbock, for appellee.

DENTON, Chief Justice.

The opinion dated January 16, 1961 is hereby withdrawn and the following opinion is substituted therefor.

Appellee brought this suit against appellant insurance carrier for benefits under a group hospitalization policy issued to appellee's employer. An employee hospitalization certificate was duly issued to appellee pursuant to the group policy. The case was presented to the court without a jury. All facts pertinent to the case were stipulated and agreed upon by the parties. From a judgment awarding appellee hospitalization and surgical benefits under the policy and certificate, appellant duly perfected this appeal.

The parties stipulated that Patterson sustained an injury to his low back while in the scope of his employment for his employer in August, 1949. They further stipulated that the injury was an accidental personal injury arising from and sustained by him while in the scope of his employment. An operation was performed on Patterson's low back on January 15, 1957, and it was further stipulated that the condition requiring the operation was the result of the injury he received in August, 1949. No claim or notice of the injury was filed by Patterson with the Industrial Accident Board until he was informed of the necessity of the operation in 1957. This claim was denied on the ground that the entire compensation period of 401 weeks from the date of the injury had expired. No appeal from this award was filed. It was further stipulated that Texas Employers' Insurance Association was the compensation insurance carrier for Patterson's employer at the time he received the injury in 1949. Therefore, the question before us is whether or not the stipulated facts are sufficient as a matter of law to uphold the trial court's judgment that the appellee was entitled to hospitalization and surgical benefits under the group policy and certificate in question.

Appellant pleads as a defense certain provisions of both the insurance policy and certificate which it contends limits coverage to injuries which do not arise out of or in the course of employment, and to diseases which are not compensable under the Workmen's Compensation Law. In order to determine the question before us, we look to the exclusions of the policy and certificate which read as follows:

"Hereby Agrees To Pay the benefits hereinafter described to any Employee of Employer *Texas Battery Manufacturing Co. Located at Cleburne, Texas,* (herein called the Employer) who is confined in a legally constituted hospital as a result of a disease for which the Employee is not entitled to benefits under any Workmen's Compensation or Occupational Disease Law or as a result of an accidental bodily injury which does not arise out of or in the course of employment * * *"

The limitation of coverage in the Employee Hospitalization Certificate states:

"No payment shall be made for any period of hospital confinement or for any of the services specified above caused by or resulting from injury arising out of and in the course of employment or from disease which is compensable under any Workmen's Compensation or Occupational Disease Law."

█ Appellee takes the position that the policy and certificate provide coverage for his claim here on the basis that the exclusionary clauses are ambiguous and that the word "or" is not necessarily disjunctive, and he urges that because of the ambiguity, the word "or" is used in the conjunctive here and should be construed as "and." Based on this premise, appellee seems to contend that both clauses in the two instruments must be considered together and that the term "compensable under any Workmen's Compensation or occupational disease law" as used in the certificate denotes benefits or compensation actually received. Although the language of the exclusions clauses found in the policy and the certificate are not identical, the clear meaning of the two provisions are the same. The certificate issued to the appellee referred to the policy issued to his employer by stating: "This certificate is subject to the terms and conditions of the group hospitalization policy No. TG–6971 issued to employee named herein." Where such a reference is made, the policy and certificate must be construed together in determining liability on the certificate. Wann v. Metropolitan Life Ins. Co., Tex.Com.App., 41 S.W.2d 50. It is to be noted that the exclusion clauses in both instruments used the word "or." In its usual meaning the word "or" is a disjunctive participle that indicates a choice between two alternatives generally corresponding to "either" or "either this or that." In our opinion this is the meaning intended by the parties by the use of the word "or" here. The Commission of Appeals, in Board of Ins. Com'rs of Texas v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906, 908, quoted with approval the following language found in 3 C.J.S., p. 1068:

"Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter of a disjunctive, nature. Nevertheless, in order to effectuate the intention of the parties to an instrument, a testator, or a legislature, as the case may be, the word 'and' is sometimes construed to mean 'or.' This construction, however, is never resorted to except for strong reasons and the words should never be so construed unless the context favors the conversion; as where it must be done in order to effectuate the manifest intention of the user; and where not to do so would render the meaning ambiguous, or result in an absurdity; or would be tantamount to a refusal to correct a mistake."

See also Morrison v. Swaim, Tex.Civ.App., 220 S.W.2d 493 (error refused); Shell Petroleum Corp. v. Royal Petroleum Corp., Tex.Com.App., 135 Tex. 12, 137 S.W.2d 753. We are therefore of the opinion this same construction should be given in the use of the word "or" as it appears in the insurance contract before us. In our view, the language of the policy and certificate is not ambiguous and we find nothing in the record to indicate the parties meant to employ a conjunctive meaning to the word "or."

Believing as we do that the word "or" as used in both the policy and certificate is used in the disjunctive, it follows that both the policy and certificate set out two separate and distinct exclusions. The policy's first exclusion states affirmatively that the insurer would pay benefits to an em-

ployee hospitalized "as a result of a *disease* (emphasis added) for which the employee is not entitled to benefits under any Workmen's Compensation or occupational disease law." The other exclusion follows the disjunctive word "or" as follows: "as a result of an *accidental bodily injury* (emphasis added) which does not arise out of or in the course of employment."

A casual reading of the certificate will reveal similarly worded exclusions which are also separated by the disjunctive "or." We think it is the clear intent of the hospitalization policy and certificate to exclude coverage for two contingencies: (1) where there was an accidental bodily injury that arose out of the course of employment and (2) where the employee contracted a disease for which he was entitled to benefits under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. Disease and accidental bodily injury are not synonymous. We therefore conclude both the policy and certificate under consideration here exclude coverage for either of the exclusions set out above.

We will first consider the exclusion pertaining to a bodily injury "arising out of and in the course of employment." Several cases have considered exclusions of the same or similar language that we have under consideration here. Among them are Metropolitan Life Ins. Co. v. Wilson, Tex. Civ.App., 102 S.W.2d 454 (no writ history); Gage v. Connecticut General Life Ins. Co., Mo.App., Kansas City, 273 S.W.2d 761, 47 A.L.R.2d 1234; Maltais v. Equitable Life Assur. Soc. of United States, 93 N.H. 237, 40 A.2d 837. Each of these cases held the assureds were not entitled to benefits of group accident and sickness policies because of exclusions of coverage from injuries arising out of or in the course of employ-ment. Without exception, the cases cited above were first concerned with whether or not the person involved was engaged in the course of his employment at the time the injury was suffered. Once this fact was determined in the affirmative, the court proceeded to find the benefits were excluded under the policy similar to the one before us. Here there is no question but that appellee's injury arose out of the course of his employment. This and other related facts were stipulated and agreed upon as outlined above. We are convinced the clause as written is not ambiguous and this court is without authority to rewrite the terms thereof to arrive at a conclusion more favorable to the injured than the plain language of the policy and certificate permits. The language of the exclusion clause referred to being plain and unambiguous, the contract of insurance must be enforced as made. Home Ins. Co. of N. Y. v. Rose, 152 Tex. 222, 255 S.W.2d 861; United American Ins. Co. v. Pittillo, Tex.Civ.App., 308 S.W.2d 241 (no writ history).

Thus, in accordance with the rules of law set out herein, the language of the exclusion clause and the stipulations of record, we are compelled to hold that the claim filed by appellee clearly comes within the exclusion "as the result of an accidental bodily injury which does not arise out of or in the course of employment." Having held that such exclusion is applicable under the record before us, we deem it unnecessary to determine whether or not the other exclusion dealing with "disease which is compensable under any Workmen's Compensation or occupational disease law" is applicable.

The judgment of the trial court is therefore reversed and judgment is here rendered for appellant.

Reversed and rendered.