CHASEZ, Judge.
This is a suit by plaintiffs Mary V. Le-doux and her husband John Ledoux against The Travelers Insurance Company, the hospitalization insurer of Mrs. Ledoux’s employer, J. C. Penney & Company, for medical expenses which the Ledouxs incurred as a result of a work connected injury suffered by Mrs. Ledoux.
The matter comes before us on plaintiffs’ appeal from a summary judgment in favor of the defendant, The Travelers Insurance Company.
Defendant’s position, which was recognized and adopted by the trial judge, was that the plaintiffs’ claim was excluded by the specific terms of the contract of insurance in question.
The hospitalization policy as issued by defendant to J. C. Penney & Company for the benefit of the employees contains the following exclusionary provision:
“ ‘Section F. — Expenses Not Covered
“No payment shall he made under this Part on account of expenses incurred as a result of any of the following charges:
* * * * * *
(6) Charges incurred in connection with (a) injuries sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or (b) disease for which benefits are payable in accordance with the provisions of any workmen’s compensation or similar law.’
There is a similar exclusion for surgical benefits under Article 2, Part 2 (3).”
It was stipulated by the parties to this suit that Mary V. Ledoux accidentally injured her back while in the scope of her employment with J. C. Penney. As a result of this injury The Travelers Insurance Company, as the Workmen’s Compensation insurer of J. C. Penney & Company, paid to Mrs. Ledoux the sum of $2,500.00 as the maximum medical benefits provided by its policy, plus an additional amount in settlement of the compensation benefits due her.
Plaintiffs now claim that they have incurred medical expenses greatly in excess of the $2,500.00 paid under the Workmen’s Compensation policy and seek to recover these excess medical charges under Travelers’ Hospitalization Insurance Contract.
In support of their claim plaintiffs take the position that paragraph (a) of the exclusionary clause of the hospitalization insurance contract quoted above can only refer to those charges which are paid under workmen’s compensation medical benefits; otherwise plaintiffs will not be able to recover these excess expenses from either the workmen’s compensation carrier or the hospitalization insurer.
They also take the position that the exclusionary clause refers to injuries sustained while doing any act pertaining to any occupation or employment other than with the named employer, J. C. Penney Company.
*686 We can understand the plaintiffs’ desire to recoup their full expenses for Mrs. Ledoux’s injuries. We sympathize with them to the extent that it appears they are limited in their recovery for these medical expenses only to the sum of $2,500.00, particularly in view of the fact that they allege much greater medical charges. Nonetheless we can only answer that the policy of hospitalization insurance is clear and unambiguous as to the extent of its coverage and we adopt with approval the reasons for judgment expressed by the trial judge as follows: “The exclusion covers ‘charges’ applicable to injuries sustained in connection with plaintiff’s employment, without exception or qualificationEmphasis added.
For the reasons hereinabove expressed the judgment appealed from is affirmed at appellants’ cost.
Affirmed.