240 So.2d 758 (1970)
James D. RANKIN, Plaintiff-Appellee,
v.
NEW YORK LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 11499.
Court of Appeal of Louisiana, Second Circuit.
October 13, 1970.
Rehearing Denied November 17, 1970.
Writ Refused January 5, 1971.
*759 Blanchard, Walker, O'Quinn & Roberts, by Neilson S. Jacobs, Shreveport, for defendant-appellant.
Cook, Clark, Egan, Yancey & King, by James Robert Jeter, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and WILLIAMS, JJ.
En Banc. Rehearing Denied November 17, 1970.
BOLIN, Judge.
James D. Rankin's wife received accidental injuries while employed as a sales clerk in a retail clothing store. Mr. Rankin, an employee of Claiborne Parish Police Jury, sues for hospital expenses allegedly due under a group health and accident policy issued by New York Life Insurance Company to the Police Jury covering employees and their dependents. For written reasons the lower court rendered judgment in favor of plaintiff and against defendant for $5,808.33, plus interest and costs. Defendant appeals and plaintiff answers re-urging his claim for penalties and attorneys' fees.
Although the facts are bizarre they are not in dispute. Mrs. Rankin, while working in the clothing store, was injured when struck by a bullet which was accidentally discharged from a pistol in a customer's purse when it fell to the floor. As a result of this injury, the medical and hospital expenses made the basis of this suit were incurred.
Plaintiff made legal demand on New York Life for the payment of the above-mentioned expenses, which claim was disallowed. It was stipulated that if plaintiff is entitled to recover, the amount due is the sum of $5,808.33. It was further stipulated, in the event penalties and attorneys' fees are due, that a reasonable attorney's fee for plaintiff's counsel is $3,000.
*760 The primary issue before the lower court and on appeal is whether plaintiff is precluded from recovery because of the following provision of the policy:
"HOSPITAL BENEFITS.
"An employee insured by these Hospital Expense Insurance provisions will be entitled to the applicable amount of Hospital Benefits if the employee's insured dependent, while so insured, is confined in a legally constituted hospital, provided (a) the confinement is approved by a licensed physician; and (b) the confinement is not a result of pregnancy; and (c) the confinement is not due to an accidental bodily injury arising out of or in the course of employment, or a sickness entitling the employee's insured dependent to benefits under a Workmen's Compensation Act or similar legislation."
Defendant contended the policy excluded coverage for expenses incurred as a result of accidental bodily injury arising out of or in the course of employment and, as a consequence, Mrs. Rankin is excluded. While initially there may have been some question concerning whether or not Mrs. Rankin was covered by the Workmen's Compensation Act, we agree with the conclusion of the trial judge that she was not, since she was employed in a nonhazardous occupation. This issue has not been argued on appeal.
The trial judge found the quoted provision was ambiguous when applied to the facts of this case. Appellant contends the exclusion is clear and unambiguous and excludes plaintiff's claim. Appellant also argues that if this court construes the provision to allow coverage of the claim, it will, in effect, be making a new insurance contract between the parties.
Appellee contends the provision is unambiguous, the obvious purpose being to prevent double coverage in cases where the insured dependent is entitled to benefits under a Workmen's Compensation Act or similar legislation. Alternatively, appellee claims if the provision is ambiguous it should be construed against the insurance company which prepared the policy (La. C.C. Art. 1957) and cases cited thereunder.
Although counsel for appellant has strenuously and ably argued this case both orally and in brief, we are constrained to find the argument without basis when the entire above-quoted portion is examined. Throughout appellant's brief we are referred only to the following portion of the exclusion:
"* * * accidental bodily injury arising out of or in the course of employment, or a sickness entitling the employee's insured dependent to benefits under a Workmen's Compensation Act or similar legislation."
It is appellant's position that the quoted language states two exclusions, i. e., one for injury arising out of or in the course of employment, and the other for sickness when covered by workmen's compensation. The rationale of appellant's contention is that the word "or", which is preceded by a comma following the word "employment", is a disjunctive conjunction. Thomas v. Universal Life Insurance Co. (La.App. 3 Cir. 1967), 201 So.2d 529. Also cited is Lloyd v. Succession of Lloyd (La.App. 2 Cir. 1954), 73 So.2d 665, wherein this court indicated "or" was a coordinating particle that marks an alternative. Numerous cases from other states have been cited as placing a similar construction on the word "or".
We believe the proper determination of the meaning of the disputed provision cannot be made by limiting our discussion to the single word "or". However, it might be well to point out that even this argument has two sides. For example, in 67 C.J.S. Or. p. 512 we find the following:
"It has been said that the word `or' has a well-defined meaning and use, but it also has been stated that the term is difficult to define. It is not regarded as a technical term, and is without technical or inherent meaning, receiving in *761 the law the same meaning that it carries in common usage, and being referred to as an empty term, a mere colorless particle, which derives its meaning or force from what comes before or after."
and on pages 512-514 the following:
"The word `or' is variously referred to as the `disjunctive or;' the `disjunctive conjunction or;' the `alternative or;' the `coordinating particle or;' the `monosyllable or.'

"In its elementary sense, the word `or' ordinarily, and in ordinary use and in its accurate and natural meaning, is a disjunctive particle, a connective, a coordinating particle. Primarily, `or' marks an alternative, * * *"
It is interesting to note a different definition is given on page 516:
"The word `or' may indicate an appositional relation of thought, that is, it may separate words or phrases, the second of which is the equivalent of, or is explanatory of, the first. As such it indicates an explanation, and is a word of explanation showing the relationship between the word preceding it and the word following it, being interpretative, expository, or explanatory of the preceding word, and giving to the word preceding it the same meaning as that which follows. When so employed, the word `or' does not suggest or mark an alternative, but is used to express an alternative of terms, definitions, or explanations of the same thing in different words, introducing a synonym for the preceding term. In this sense the term may be construed as having the same meaning as `alias,' `being,' `else,' `otherwise,' `otherwise called,' `that is,' `that is to say,' `to wit.'"
When the hospital benefits provision is interpreted in its entirety we find an insured dependent is covered while confined in a legally constituted hospital provided three separate and distinct conditions are met. These conditions are delineated under subheadings as (a), (b) and (c). The first condition, (a), requires the confinement to be approved by a licensed physician. There is no question in this case but that this requirement was met. The second, (b), excludes payment if the confinement results from pregnancy. There is no claim in this case the medical expenses incurred by Mrs. Rankin resulted from pregnancy. The third condition, designated (c), is separated from (a) and (b) by a semi-colon and is, in our opinion, intended to be only one exclusionary condition and not two. To adopt appellant's contention that payment should not be made either for a confinement that was due to "an accidental bodily injury arising out of or in the course of employment" or for a confinement due to "a sickness entitling the employee's insured dependent to benefits under a Workmen's Compensation Act or similar legislation" would require the substitution of a semi-colon for the comma in (c) between the words "employment" and "or", and the addition of a subsection (d) as the fourth and final condition, which would make the provision clear and unambiguous.
We have examined all the Louisiana cases cited by counsel for both appellee and appellant and find no case with a policy provision identical to the one under consideration in the instant case. It is interesting to note, however, that in Ledoux v. Travelers Insurance Company (La.App. 4 Cir. 1969), 223 So.2d 684, relied on by appellant, the policy contained the following exclusion:
"(a) Injuries sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or
"(b) Disease for which benefits are payable in accordance with the provisions of any workmen's compensation or similar law."
In another comparatively recent case, Johnson v. Northern Assurance Company of America (La.App. 3 Cir. 1967), 193 So.2d *762 920, the court interpreted an exclusionary clause, similar to the one before us, so as to allow recovery to an employee who was injured during the course and scope of his employment. In the course of the decision the court stated:
"In our opinion, it is obvious that a clause in any automobile liability policy which withdraws medical payments coverage in cases of bodily injury to, or sickness, disease or death of any employee of the named insured arising out of and in the course of his employment is designed to prevent multiple recovery of medical expenses by the employee under this type of policy and the parallel provisions of our Workmen's Compensation Law."
In conclusion, the court held the employee was not covered by workmen's compensation and as a consequence there existed no danger of recovery by plaintiff under both the act and the policy. See also 47 A.L.R.2d at 1241, Sec. 3Reason for Insertion of Exception Clause.
New York Life having failed to compose its hospital expense exclusionary provision in four separate subsections, it becomes the duty of this court to determine if the clause is ambiguous and, if so, to interpret it in a manner consonant with the provision of La.C.C. Art. 1957, supra. We conclude that, if intended to be considered as two exclusions, the condition designated (c) is ambiguous. Therefore, we construe the disputed portion to mean the insured dependent is entitled to hospital benefits unless her confinement is due to accidental injury or sickness arising out of or in the course of her employment, for which she would be entitled to benefits under a Workmen's Compensation Act or similar legislation.
Having found Mrs. Rankin was not entitled to workmen's compensation benefits, it follows the judgment awarding plaintiff the undisputed amount of hospital and medical expenses for Mrs. Rankin's injuries is affirmed.
In answering the appeal plaintiff re-urges his claim for penalties and attorneys' fees claiming that defendant's refusal to pay the amount due him under the policy was arbitrary and capricious under La.R.S. 22:657 and the cases decided thereunder. We find nothing in this record to justify the imposition of the penalties provided by this statute. To the contrary, we think New York Life acted in good faith and is entitled to its day in court without being penalized for this privilege.
The judgment is affirmed at appellant's cost.