Martha J. WILSON and C. F. Wilson, Appellants,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.

No. 47348.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 22, 1974.

Released for Publication by Order of Court of Appeals Nov. 14, 1974.

Morehead, Savage, O'Donnell, McNulty & Cleverdon by James R. Elder, Tulsa, for appellants.

Gable, Gotwals, Rubin, Fox, Johnson & Baker by Richard W. Gable, Tulsa, for appellee.

BOX, Presiding Judge:

An appeal by Martha J. Wilson and C. F. Wilson, plaintiffs in the trial court, from the sustaining of the demurrers to the petition of The Prudential Insurance Company of America, defendant in the trial court.

The parties will be referred to as they appeared in the trial court; Martha J. Wilson and C. F. Wilson (appellants) will be referred to as plaintiffs, and The Prudential Insurance Company of America (appellee) will be referred to as defendant and Prudential.

The petition alleges that Prudential issued a group policy of insurance providing hospitalization and medical benefits, a copy of which was attached to the petition. The petition also alleged that Mrs. Wilson was injured while working at St. John's Hospital and that such injuries necessitated hospitalization and medical treatment, the charges for which she seeks reimbursement from Prudential pursuant to the terms of the insurance policy. She alleges that she filed a separate and independent (Prudential was not a party) claim under the Workmen's Compensation Act for benefits and compensation and that such claim was denied on the ground that plaintiff's type of employment was not covered by the Workmen's Compensation Act. Copy of State Industrial Court's Order was attached to the petition.

Plaintiff Martha J. Wilson's injuries allegedly arose out of, or in the course of, her employment for wage or profit. The first cause of action seeks recovery of the insurance benefits. Plaintiff C. F. Wilson in a second cause of action seeks additional compensation for alleged "financial embarrassment and mental anguish because of the burden and responsibility for said debt" and alleged that he was "tortiously damaged." Defendant filed various combined motions including a "Demurrer to First Cause of Action" and "Demurrer to Second Cause of Action" which pointed out that the charges for which plaintiffs sought reimbursement were excluded by the terms of the policy as shown on the face of the petition. Briefs were filed by both parties and after argument, the trial court sustained the demurrers, and entered judgment in favor of the defendant. Plaintiffs appeal.

Plaintiffs allege three propositions for reversal of trial court as follows:

"PROPOSITION I: The court erred in sustaining defendant's demurrer to plaintiff's petition.

"PROPOSITION II: The court erred in construction and interpretation of applicable provisions of the subject insurance policy.

"PROPOSITION III: The court erred in entering judgment for defendant's based on defendant's demurrer."

Plaintiffs allege in their Proposition I that "the sustaining of Defendant's Demurrer to its Petition is clearly against the weight of authority under Oklahoma law, . . . ." Plaintiffs attempt to justify this statement by citing a number of cases which illustrate the general proposition that pleadings are liberally construed and that all allegations of fact are taken as true, together with all reasonable inferences therefrom. But plaintiffs do not cite any authority from any jurisdiction in support of their Proposition I. Plaintiffs apparently assume that since pleadings are liberally construed and all allegations of fact are taken as true, that a demurrer should never be sustained. The point that plaintiffs miss is that such liberal construction and acceptance of facts and inferences lead to the inescapable conclusion that the charges sought to be recovered are excluded by the terms of the policy. The trial court accepted plaintiffs' allegations including the important and critical fact alleged in the petition that the charges were necessitated by an injury arising out of, or in the course of, her employment.

The real disagreement and issue presented in this appeal is presented in plaintiffs' Proposition II.

■ Plaintiffs disagree with the trial court's interpretation of an exclusionary provision in the policy. The applicable provision, which plaintiffs concede to be the key issue or dispute in this lawsuit, provides in material parts that the following charges, among others, are excluded:

"Charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit *or* (b) disease covered, with respect to such employment, by any workmen's compensation law, occupational disease law or similar legislation." (Emphasis added.)

Since the petition admits that the medical expense charges were necessitated by an injury that occurred in the course of plaintiff's employment, the petition, on its face, discloses that plaintiffs would not be entitled to any recovery.

Plaintiffs contend that the limiting language relating to workmen's compensation laws found in clause (b) also applies with equal force to the separate clause (a), even though it is not a part of clause (a). Such an interpretation would require a rearrangement of the clauses or a change of the disjunctive "or" to the conjunction "and" and a deletion of the clause separating devices (a) and (b). Such a restructing of the sentence would do violence to the contract language and would be in violation of established grammatical rules of construction.

Clauses (a) and (b) are connected by the disjunctive word "or" and are separated by the separating device of using (a) and (b). Charges in connection with injuries arising in the course of employment are excluded regardless of coverage or lack of coverage by any workmen's compensation laws. The qualifying words of limitation relating to workmen's compensation laws are properly restricted to the last antecedent "diseases" and do not limit or restrict the more remote antecedent "injury." This rule of English grammar is well recognized by the courts, including the Supreme Court of the State of Oklahoma. Cases illustrating the applicability of the "last antecedent" doctrine include Board of Trustees of F & P Fund v. Templeton, 184 Okl. 281, 86 P.2d 1000; Barten v. Turkey Creek Water Shed Joint District No. 32, 200 Kan. 489, 438 P.2d 732 (1968); Puget Sound Electric Railway v. Benson, 253 F. 710 (9th Cir.); Ledoux v. The Travelers Insurance Company, 223 So.2d 684 (4th Cir. La.App.1969); Employers Casualty Company v. Patterson, 344 S.W.2d 199 (Ct.Civ.App.Tex.1961), and Kosick v. Hospital Service Corp., 139 N.E.2d 619 (Ill. 1956). The cases cited by plaintiffs repre-

sent abstract propositions of law discussing general rules of interpretation of insurance policies in favor of the insured and favoring the construction in accordance with ordinary language. The Ledoux, Patterson and Kosick cases, supra, are factually similar to the case now under review.

In Ledoux, supra, plaintiffs sued Travelers for benefits under a hospitalization policy for medical expenses incurred as a result of a work-connected injury suffered by Mrs. Ledoux. Travelers' position, which was recognized and adopted by the trial judge, was that the plaintiffs' claim was excluded by the specific terms of the contract of insurance. The hospitalization policy contained the following exclusionary provision:

"No payment shall be made under this Part on account of expenses incurred as a result of any of the following charges:

\*     \*     \*     \*     \*     \*

"(6) Charges incurred in connection with (a) injuries sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or (b) disease for which benefits are payable in accordance with the provisions of any workmen's compensation or similar law."

It was stipulated that Mrs. Ledoux accidentally injured her back while in the scope of her employment with J. C. Penney. She received the maximum workmen's compensation benefits and brought suit against Travelers for medical expenses greatly in excess of the maximum workmen's compensation benefits. Mrs. Ledoux took the position that Paragraph (a) of the exclusionary clause only referred to those charges which were paid under workmen's compensation medical benefits. The trial and appellate courts disagreed and held:

"The exclusion covers 'charges' applicable to injuries sustained in connection with plaintiff's employment, *without exception or qualification*." (Emphasis by Louisiana Appellate Court.)

In the case of Employers Casualty Company v. Patterson, supra, an employee sued for benefits under a group hospitalization policy claiming that he was injured while in the scope of his employment for his employer. The employee's claim for workmen's compensation benefits was denied on the ground that the entire compensation period had expired. Thereafter he brought suit against the hospitalization policy insurer. The Employee Hospitalization Certificate contained the following limitation of coverage:

"No payment shall be made for any period of hospital confinement or for any of the services specified above caused by or resulting from injury arising out of and in the course of employment or from disease which is compensable under any Workmen's Compensation or Occupational Disease Law."

Although the language of the exclusion clauses found in the policy and the Certificate were not identical, the Court of Civil Appeals of Texas concluded that the clear meaning of the two provisions was the same. The Court noted that the usual meaning of the word "or" is a disjunctive participle that indicates a choice between two alternatives generally corresponding to "either" or "either this or that". The Court found that this is the meaning intended by the use of the word "or". It followed that both the policy and Certificate set out two separate and distinct exclusions, as follows:

"We think it is the clear intent of the hospitalization policy and certificate to exclude coverage for two contingencies: (1) where there was an accidental bodily injury that arose out of the course of employment and (2) where the employee contracted a disease for which he was entitled to benefits under the Workmen's Compensation Act . . . Disease and accidental bodily injury are not synonymous. We therefore conclude both the policy and certificate under consideration here exclude coverage for either of the exclusions set out above.

". . . We are convinced the clause as written is not ambiguous and this court is without authority to rewrite the

terms thereof to arrive at a conclusion more favorable to the injured than the plain language of the policy and certificate permits. The language of the exclusion clause referred to being plain and unambiguous, the contract of insurance must be enforced as made. Home Ins. Co. of N. Y. v. Rose, 152 Tex. 222, 225 S.W.2d 861; United American Ins. Co. v. Pittilio, Tex.Civ.App., 308 S.W.2d 241 . . .

"Thus, in accordance with the rules of law set out herein, the language of the exclusion clause and the stipulations of record, we are compelled to hold that the claim filed by appellee clearly comes within the exclusion 'as the result of an accidental bodily injury which does not arise out of or in the course of employment.' . . ."

In Kosick v. Hospital Service Corp., supra, the subject policy contained the following provision:

" 'Hospital service' does not include the following:

\*   \*   \*   \*   \*   \*

"Care of injuries or diseases for which the Member is entitled to hospital care, or for which he receives any award or settlement in any proceeding filed, under workmen's compensation or occupational diseases law."

Kosick insisted that the exclusionary clause was ambiguous and that the word "or" should be construed to mean "and", thus making only a single exclusion. Kosick admitted that if the word "or" was so construed as a conjunctive, the effect would be to narrow the scope of the exclusionary clause. The appellate court concluded that the disjunctive conjunction "or" was clearly intended to mark an alternative designating both parts of the exclusionary clause to be read separately. Kosick was precluded from recovery by either part or both parts of the exclusionary clause.

The Oklahoma Supreme Court in the Templeton case, supra, applied the English grammar doctrine of last antecedent and stated that relative and qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to or including others more remote unless the subject matter requires a different construction. In the Templeton case a pensioner's widow claimed the right to receive the pension after her husband's death even though she was not wholly dependent upon the pensioner for support. The defendant contended that the claimant must show that she was wholly dependent upon the pensioner for support in order to be entitled to receive the pension. The statute provided in material parts as follows:

"In the event of the death of any person who has been awarded a pension under the provisions of this Act, his widow, children or other persons wholly dependent on such person for support shall be paid the pension so awarded . . ."

The Oklahoma Supreme Court applied the doctrine of last antecedent and held that the phrase "wholly dependent on such person for support" referred only to the last antecedent (other persons) and did not qualify the provisions relating to "his widow".

█ Plaintiffs' Second Cause of Action seeks damages in addition to the benefits allegedly owing under the insurance policy for such items as "financial embarrassment and mental anguish." Under Oklahoma law, it is clear that if an insurer has a duty to pay any loss under an insurance contract, it is obligated to pay money only and the damages recoverable include only the amounts due by the terms of the insurance contract. 23 O.S.1971, § 22 provides:

"Breach of obligation to pay money.

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

United States District Judge Fred Daugherty in the cases of Ledford v. Travelers Indemnity Company, 318 F.Supp. 1333 (W.D.Okl.1970) and Renfroe v. Preferred Risk Mutual Insurance Company, 296 F.

Supp. 1137 (N.D.Okl.1969) applied 23 O.S. 1971, § 22 and other related sections holding that punitive damages and other damages outside the scope of the insurance policy benefits were not recoverable, i. e., an insured's claim against an insurance company, in the case of an admittedly effective insurance policy, are limited to the terms and benefits provided in the insurance contract.

■ Plaintiffs argue in their Proposition III that the court committed reversible error by failing to state the reason for sustaining the demurrers and entering judgment thereon. The law is well settled that where a petition is challenged by demurrer, if the petition fails to state facts sufficient to constitute a cause of action against the defendant, the demurrer should be sustained. Hull v. Newman Memorial Hospital, Inc., Okl., 379 P.2d 701; Harrison v. Commander Mills, Inc., Okl., 298 P.2d 749.

For the reasons herein stated, the judgment of the trial court is hereby affirmed.

Affirmed.

ROMANG, J., concurs.