**Charles ROSKELL, Administrator of the Estate of Earnest R. Scherer, Deceased, Plaintiff-Appellant,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant-Appellee.**

No. 75–1146.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 12, 1975.

Decided Jan. 19, 1976.

David F. Boyd, Jr., Albuquerque, N. M. (Gene E. Franchini and Scott H. Mabry, Albuquerque, N. M., with him on the brief), for plaintiff-appellant.

William W. Gilbert, Santa Fe, N. M., for defendant-appellee.

Before BREITENSTEIN, HILL and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This diversity action involves an exclusionary clause in a group health and accident insurance policy. The facts are stipulated. The district court gave summary judgment for the insurer. We affirm.

Plaintiff-appellant Roskell is Administrator of the estate of Earnest R. Scherer, deceased. Scherer, an employee of an Albuquerque, New Mexico, television station, was on duty during a "telethon" program to raise money for a charity. At the conclusion of the program he kissed a lady participant on the cheek as

an expression of gratitude for her participation. The husband of the lady had a paranoidal mental illness. On the next day the husband took his wife to the television station where the decedent was on duty, accused the decedent of improper relations with the wife, and shot him. Extraordinary medical expenses were incurred in an effort to save Scherer's life. He died about seven weeks later as a result of the gunshot.

Proceedings under the New Mexico workmen's compensation law resulted in a compromise settlement wherein $19,000 was paid on account of the medical expenses. The maximum allowable under the New Mexico law for medical expenses was $25,000. The total medical expense was $34,505.75.

Defendant-appellee, Prudential Insurance Company, had in effect a group health and accident policy maintained by the television station for its employees. The Administrator of Scherer's estate sued Prudential to recover the balance of $15,505.75 remaining unpaid after the recovery under the workmen's compensation law. Prudential defended on the ground of non-coverage. The policy contained the following exclusionary clause:

"Generally Excluded Charges:

(1) Occupational Injury or Disease Charges—Charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit or (b) disease covered, with respect to such employment, by any workman's compensation law, occupational disease law or similar legislation."

The parties stipulated that (1) decedent's participation in the telethon was within the duties of his employment; (2) decedent was on duty at the television station when he was shot; and (3) the shooting was the proximate cause of his death.

The Administrator argues that the quoted policy provision should be read to exclude "injury arising out of or in the course of employment covered by any workmen's compensation law." From this premise he urges that medical expenses not recovered under the workmen's compensation law are not excluded either to the amount of the difference between the expenses and the compensation recovery or the difference between the expenses and the maximum amount recoverable under the compensation laws, $25,000.

The policy excludes charges in connection with an injury arising out of or in the course of employment or disease covered by compensatory legislation. If "covered" applies to injury, the exclusion is of "charges" incurred in connection therewith. The medical expenses are charges resulting from the injury. Accordingly the medical expenses are excluded if the injury arose out of or in connection with the employment.

New Mexico has not decided whether an assault by a mentally disturbed non-employee on an employee at the employer's premises during working hours is a risk arising out of or in the course of employment. In *Perez v. Fred Harvey, Inc.,* 54 N.Mex. 339, 224 P.2d 524, the court held that under New Mexico compensation law the question of the causal relation between the employment and the risk was for jury determination and the court upheld a judgment of recovery based on a jury verdict for the claimant. The result was that an employee recovered for an injury sustained during her working hours on the employer's premises when shot by a drunken fellow-employee.

*Ensley v. Grace,* 76 N.Mex. 691, 417 P.2d 885, was a compensation case in which a female employee was found dead on the employer's premises after working hours. Found dead at the same time was the local manager of the business. The court noted three categories of compensation risks, (1) "those associated with the employment," (2) "those personal to the claimant," and (3) "those having no particular employment or personal character." The court said that (1) was compensable and (2) was not. Ibid. at 886. The court allowed recovery un-

der (3) saying that in the circumstances there was a presumption that death arose out of the employment and that the presumption was not rebutted when the shooting occurred "for unexplained reasons." Ibid. at 888.

We are concerned with an insurance policy provision rather than workmen's compensation law, and the "rebuttable presumption" principle is not strictly applicable. Also in our case the reason for the shooting is stipulated to be "an insane impulse." The mentally disturbed husband was aroused by an act of decedent while he was at work. The husband then went to the employer's premises while decedent was there at work, and shot him. The risk was connected with the employment and the injury arose out of the employment. Hence, the exclusionary provision of the policy precludes recovery.

The cases cited by the Administrator, relating to policies where the exclusionary clause differs from that before us, are not in point. A case with an exclusionary clause substantially similar to that in the Prudential policy is *Ledoux v. Travelers Insurance Company,* La.App., 223 So.2d 684. The claim there, as here, was for medical expenses paid in excess of that recoverable under workmen's compensation. The court said that the exclusion was without exception or qualification and denied recovery. Ibid. at 686. We have the same situation. To permit recovery would be to make the group accident and health policy an excess policy. We will not rewrite the policy to permit recovery.

Affirmed.