579 P.2d 793

Albert E. MONTOYA, Sr.,
Plaintiff-Appellee,

v.

The TRAVELERS INSURANCE COM-
PANY, Defendant-Appellant.

No. 11459.

Supreme Court of New Mexico.

May·22, 1978.

Keleher & McLeod, Robert H. Clark, Al-
buquerque, for defendant-appellant.

Cohen & Aldridge, William F. Aldridge,
Oliver Burton Cohen, Albuquerque, for
plaintiff-appellee.

## OPINION

SOSA, Justice.

This suit was brought in the District
Court of Bernalillo County to recover
amounts allegedly due plaintiff under a pol-
icy of insurance issued by the defendant
under which plaintiff was insured. The
case was tried to the court without a jury
and judgment was entered in favor of the
plaintiff. Defendant appeals. We affirm.

Plaintiff, Albert Montoya, Sr., (insured)
filed a complaint against Travelers Insur-
ance Company (insurer). The complaint al-
leged that insurer breached its obligations
under the policy of insurance to pay for
injuries suffered by plaintiff's son, Albert
Montoya, Jr. Insurer's answer generally
denied the allegations of the complaint, and
affirmatively pled (1) that the subject poli-
cy of insurance did not provide coverage for
the injuries suffered by Albert Montoya,
Jr., and (2) that the plaintiff failed to com-
ply with conditions precedent regarding
timely notice to recovery under the policy.
These theories were rejected by the trial
court, and they comprise the basis of appel-
lant's points on appeal.

It is undisputed that the plaintiff, Albert
Montoya, Sr., was insured under a group
health and accident policy issued to his em-
ployer by the defendant-appellant insurance

company and that the policy was in full force and effect at all times material to this action. It was established at trial that the insured's dependent, Montoya, Jr., was injured while working for a gas station for wages, on a part-time basis.

The insurer denied liability under this exclusionary provision:

No payment shall be made under this policy in any event with respect to

(1) *charges incurred in connection with* (a) *injury* sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or (b) *disease for which benefits are payable in accordance with the provisions of any workmen's compensation or similar law.* (Emphasis added.)

The trial court found that this exclusionary clause did not apply to the facts in this case. The court's conclusions of law reveal two bases for this determination. In its Conclusion No. 4, the court expresses the view that the exclusionary clause, by its terms, excludes only charges incurred in connection with an injury sustained while doing any act or thing pertaining to any occupation or employment for remuneration, or disease for which benefits are payable in accordance with the provisions of any workmen's compensation or similar law. In its Conclusions Nos. 5 and 6, the court expressed the alternative view that the clause is ambiguous and should therefore, under a well established principle of New Mexico law, be construed liberally in favor of the insured. Conclusion 5 suggests that the clause is ambiguous because it is unclear whether the workmen's compensation proviso applies to both subclauses (a) and (b) or only to subclause (b), and should therefore be interpreted liberally to apply to both (a) and (b) since its purpose is to prevent double recovery by the insured, and not to deprive the insured from recovering under the policy when the charges for medical expenses are not covered by workmen's compensation. Conclusion 6 expresses the alternative view that the clause is ambiguous in that it does not make clear whether it applies to the insured employee only, to the insured employee and dependents, or only to dependents of the insured employee.

Cases which have considered substantially similar exclusionary clauses and have found them to be clear and unambiguous are *Roskell v. Prudential Insurance Company of America,* 529 F.2d 1 (10th Cir. 1976); *Wilson v. Prudential Insurance Company of America,* 528 P.2d 1135 (Okl.App.1974); *Ledoux v. Travelers Insurance Company,* 223 So.2d 684 (La.App.1969), and *Employers Casualty Company v. Patterson,* 344 S.W.2d 199 (Tex.Civ.App.1961). These cases decided that the insureds were precluded from recovering under their respective policies since the policyholder or the dependents were injured while working for profit or remuneration.

■ The insurer, following this reasoning, argues that recovery should be denied whenever an insured sustains an injury while working for remuneration whether or not the employee or dependent is covered by workmen's compensation and that the coverage by workmen's compensation is relevant only when a claim is based on disease.

Conversely, in *Rankin v. New York Life Insurance Company,* 240 So.2d 758 (La.App. 1970) it was held that a similar exclusionary clause in a hospitalization policy precluded an employee from recovery only if the employee was covered by workmen's compensation or similar legislation since it was that court's view that the purpose of such an exclusion is to prevent double recovery. *See United Benefit Life Insurance Co. of Omaha v. Glisson,* 105 Ga.App. 122, 123 S.E.2d 350 (1961).

Since there are two inconsistent interpretations possible, we hold that the exclusionary clause at issue is ambiguous. We have previously stated that when an ambiguity exists in an insurance policy we will liberally construe such ambiguity in favor of the insured. *Davison v. Business Men's Assurance Co. of America,* 85 N.M. 796, 518 P.2d 776 (1974). Furthermore, we believe, as did the *Rankin* court, that the purpose of the clause is to prevent double recovery.

Moreover, exclusionary clause (1) does not state with specificity to whom the clause applies while clauses (2) through (5) do. Exclusionary clauses (2) through (5) state:

(2) Charges incurred while the Employee or Dependent, as the case may be, is confined in a hospital operated by the United States of America or an agency thereof, or charges which the Employee would not be required to pay if there were no insurance.

(3) Charges incurred on account of a Dependent for any medical expense for which the Dependent is entitled to benefits under this policy as an Employee or former Employee of the Employer.

(4) Charges incurred on account of a Dependent for any medical expenses incurred during or in connection with a period of hospital confinement which shall have commenced prior to the date the Dependent shall have become covered under this policy.

(5) Charges incurred for education, training, and bed and board while the Employee or Dependent, as the case may be, is confined in an institution which is primarily a school or other institution for training, a place of rest, a place for the aged or a nursing home.

Inasmuch as exclusionary clauses (2) through (5) expressly indicate whether they apply to the employee, dependents, or both, and clause (1) does not, there is a further reason that clause (1) should be considered to be ambiguous. We hold that clause (1) applies only to the insured and not to his dependents.

■■ In regards to the issues relating to notice and proof of claim, we conclude that these were matters in which the trial court based its decision on substantial evidence before it. A trial court's findings will not be disturbed when they are supported by substantial evidence. *Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970).

The decision of the trial court is affirmed.

McMANUS, C. J., and SANTIAGO E. CAMPOS and PHILLIP D. BAIAMONTE, District Judges, concur.

PAYNE, J., dissents.

EASLEY and FEDERICI, JJ., not participating.

PAYNE, Justice, dissenting.

I respectfully dissent. The clause of the insurance policy which gives rise to this dispute is not ambiguous. The clause reads:

No payment shall be made under this policy in any event with respect to

(1) Charges incurred in connection with (a) injury sustained while doing any act or thing pertaining to any occupation or employment for remuneration or profit, or (b) disease for which benefits are payable in accordance with the provisions of any workmen's compensation or similar law.

The clause is divided into subparts (a) and (b) and divided by a comma. The subparts should be read in the disjunctive. The majority reads the clause "for which benefits are payable in accordance with the provisions of any workmen's compensation or similar law" as modifying subpart (a) as well as subpart (b). I do not read the clause in that manner.

The clause not being ambiguous on its face, there is no need to look outside the clause to determine its meaning. Because the insured was injured while doing an act pertaining to his employment he is not entitled to benefits under the policy, regardless of whether he was entitled to benefits under the workmen's compensation law.

The Oklahoma Court of Appeals in interpreting an identical provision stated:

Plaintiffs contend that the limiting language relating to workmen's compensation laws found in clause (b) also applies with equal force to the separate clause (a), even though it is not a part of clause (a). Such an interpretation would require a rearrangement of the clauses or a change of the disjunctive "or" to the con-

junction "and" and a deletion of the clause separating devices (a) and (b). . .
Charges in connection with injuries arising in the course of employment are excluded regardless of coverage or lack of coverage by any workmen's compensation laws. The qualifying words of limitation relating to workmen's compensation laws are properly restricted to the last antecedent "diseases" and do not limit or restrict the more remote antecedent "injury." This rule of English grammar is well recognized by the courts.

*Wilson v. Prudential Insurance Company of America,* 528 P.2d 1135, 1137 (Okl.App. 1974).

The court in *Wilson* cites with approval the reasoning of the Texas courts:

"We are convinced the clause as written is not ambiguous and this court is without authority to rewrite the terms thereof to arrive at a conclusion more favorable to the injured than the plain language of the policy and certificate permits. The language of the exclusion clause referred to being plain and unambiguous, the contract of insurance must be enforced as made. *Home Ins. Co. of N. Y. v. Rose,* 152 Tex. 222, 255 S.W.2d 861; *United American Ins. Co. v. Pittilio,* Tex.Civ.App., 308 S.W.2d 241.

528 P.2d at 1138, 1139.

For the reasons set forth I respectfully dissent.