233 So.2d 645 (1970)
Dennis O. SEGELSTROM, Appellant,
v.
BLUE SHIELD OF FLORIDA, INC., and Blue Cross of Florida, Inc., Appellees.
No. 68-318.
District Court of Appeal of Florida, Second District.
April 1, 1970.
Louis L. Suprina, Winter Haven, for appellant.
Robert R. Feagin, Jr., of Holland & Knight, Lakeland, for appellees.
MANN, Judge.
Through Segelstrom's employer he was insured under a group policy providing for certain hospital and surgical benefits but excluding the obligation to pay for "services for any occupational condition, ailment, or injury arising out of and in the course of employment, or services which are furnished to a subscriber under the laws of the United States of America or any state or political subdivision thereof, and the subscriber shall have no rights under this contract even though he elects to waive his rights to such benefits or services." During his Christmas vacation Segelstrom worked temporarily in the St. Paul, Minnesota, Union Depot, where a locomotive struck him.
Segelstrom alleges that his injury was not incurred in the course of "employment" since he was not an "employee" under the law governing his temporary occupation. His claim to benefits under the group policy was rejected by the insurer. The trial court in this action granted summary judgment for the insurer and this appeal ensued.
The question is novel in Florida but not elsewhere. Most of the decisions result *646 in a single recovery, preferably under the compensation laws, and the rationale of the opinions is variable. It seems to us that "employment" is at least arguably related to employment by the employer whose employees constitute the group, the purpose of the exclusion being to prevent double recovery and yet to provide ample coverage for the employees insured. When all of the exclusions in the policy are read together, this purpose seems to be consistently evident, although the language is not sufficiently clear to avoid litigation like this. Services rendered in veterans hospitals are not compensable, for example.
We think the cases are reasonably consistent. The closest cases are Carroll v. Union Labor Life Insurance Co., 1965, 65 Wash.2d 513, 398 P.2d 164; United Benefit Life Insurance Co. of Omaha v. Glisson, 1961, 105 Ga. App. 122, 123 S.E.2d 350; and Ross v. Equitable Life Assurance Society, Ark. 1964, 375 S.W.2d 222, in which recovery was allowed. In the following cases the claimant was otherwise entitled to benefits and either waived them, lost them through procedural neglect or attempted double recovery: Kosick v. Hospital Service Corp., 1965, 12 Ill. App.2d 291, 139 N.W.2d 619; Employers Casualty Co. v. Patterson, Tex. 1961, 344 S.W.2d 199; Cash v. American Health Insurance Corp., 1962, 203 Va. 719, 127 S.E.2d 119. Recovery on the hospitalization policy in each case was properly denied. Louisiana has held a deputy sheriff an "officer" rather than an "Employee" and allowed recovery against the insurer where the plaintiff was not entitled to workmen's compensation, Johnson v. Northern Assurance Co. of America, La. App. 1967, 193 So.2d 920, but denied double coverage to another deputy sheriff to whom compensation was payable, Myers v. Fidelity & Casualty Co. of N.Y., La. App. 1963, 152 So.2d 96.
The exclusion is apparently intended, therefore, to fill gaps in coverage without affording a windfall. See generally, Annotation 47 A.L.R.2d 1240 (1956). This contract was written to protect a group of employees of a common employer other than that for which Segelstrom was temporarily working in Minnesota. Accordingly, we cannot say that as a matter of law "arising out of and in the course of employment," as that phrase is used in this contract, refers unambiguously to any employment whatsoever, whether otherwise affording protection or not.
Appellant's motion for attorney's fees is denied without prejudice to application in the trial court for fees allowable under Florida Statutes § 627.0127 (1967), F.S.A. should he ultimately "prevail." While he has won a round in this bout, the cause is not yet concluded in his favor, and we think that he has not yet "prevailed" in the statutory sense. Should final judgment be entered for Segelstrom the trial judge may then evaluate the briefs filed in aid of this appeal and determine appropriate compensation.
Reversed and remanded for further proceedings consistent with this opinion.
HOBSON, C.J., and McNULTY, J., concur.