**Anthony D. DUKE, Plaintiff-Appellant,**

v.

**Joel HOCH et al., Defendants,**

**Home Indemnity Company, Garnishee-Appellee.**

No. 71-2223.

United States Court of Appeals, Fifth Circuit.

Feb. 20, 1972.

Marvin H. Gillman, Miami, Fla., for plaintiff-appellant.

William M. Hoeveler, Miami, Fla., for garnishee-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

By our decision in Duke v. Hoch, et al., 468 F.2d 973 (5th Cir., 1972) we reversed a judgment entered for the insurer-garnishee and remanded for further proceedings. Counsel for the appellant has filed a motion for allowance of attorney fees for his services on appeal, pursuant to Florida Statute 627.428, F.S.A. [1] The motion is denied without prejudice to application in the trial court for fees allowable under § 627.428, for services on appeal, should the appellant ultimately "prevail." "While he has won a round in this bout, the cause is not yet concluded in his favor, and we think that he has not yet 'prevailed' in the statutory sense." Segelstrom v. Blue Shield of Florida, Inc., 233 So.2d 645, 646 (Fla. App.1970). As in *Segelstrom*, "should final judgment be entered for [appellant] the trial judge may then evaluate the briefs filed in aid of this appeal and determine appropriate compensation." *Id.* at 646.

1. Formerly § 627.0127.