364 So.2d 1373 (1978)
Robert SANDERS, Plaintiff-Appellee,
v.
GENERAL AMERICAN LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 6691.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
*1375 Stafford, Randow, O'Neal & Smith, Larry Stewart, Alexandria, for defendant-appellant.
Ralph W. Kennedy, Jr., Alexandria, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This is a suit to recover benefits from a group health policy issued by defendant, General American Life Insurance Company.
Plaintiff began working for the Orkin Exterminating Company in Alexandria, Louisiana, in March of 1974. Although he had chronic diverticulitis prior to his employment with Orkin, he had no difficulty with this condition at the time he commenced work. After working for several months, he began to have problems with his pre-existing condition and also developed headaches, dizziness, and nausea. He was admitted to a hospital in Alexandria for treatment on October 14, 1974. He was discharged on October 17, 1974.
Appropriate forms for benefits were submitted to the insurance and claims department of Rollins, Inc. Rollins, Inc. is a related company to Orkin, however, the record does make clear the nature of the relationship. Plaintiff felt that his health problems were related to the exposure to insecticides and chemicals necessitated by his job, and, therefore, one of the forms submitted indicated that his illness was work related. Rollins, Inc. sent the claim to Continental Casualty Company, the workmen's compensation insurer. Since benefits were not forthcoming from Continental, suit for workmen's compensation benefits were filed against it and Orkin on February 18, 1975. A compromise agreement was entered into before trial by which plaintiff received $1,000.00 in settlement of his claim. The suit was dismissed with prejudice.
On August 18, 1975, after the compromise, plaintiff's attorney sent an inquiry to Orkin concerning the collection of benefits under the group health insurance policy. On September 24, 1975, Rollins, Inc. sent a letter in reply in which it stated that, since workmen's compensation benefits had been paid by the compromise, benefits under the group health insurance policy could not be paid. Nevertheless, on November 26, 1975, new claim forms were sent to Rollins, Inc., with instructions to forward them to the group health insurer, General American Life Insurance Company, defendant herein. The claim was received by General American on December 12, 1975, but the insurer refused to pay.
The present suit was filed on February 28, 1977, against General American, seeking to recover medical expenses, penalties, and attorney's fees. After trial on the merits, judgment was rendered against the defendants for $393.56 for medical expenses, $393.56 for penalties, and $1,500.00 for attorney's fees. Defendant appeals.
On appeal, defendant contends that the trial judge erred in the following four respects:
1. By failing to conclude that insurance benefits were not due since plaintiff received from his employer's workmen's compensation insurer a sum in settlement of a workmen's compensation suit;
2. By concluding that plaintiff should not be bound by his judicial confession in the prior workmen's compensation suit;
3. By failing to apply principles of estoppel; and
4. By awarding statutory penalties and attorney's fees.

*1376 I.
The policy in question contains a broad exclusionary provision for occupational related accidents and illnesses.
In the limitations section of the policy, the following language is found:
"Benefits shall not be payable under the Major Medical Expense Insurance provisions of this policy for or in connection with A) any medical care, services and supplies which do not come within the definition of covered expenses, or B) any of the following:
. . . . .
12) sickness covered by Workmen's Compensation law, occupational disease law, or laws of a similar character; or injury arising out of or in the course of any occupation or employment for compensation, profit or gain;
......"
The insurer argues on appeal that this exclusionary provision applies in two circumstances. It maintains that the phrase "sickness covered by Workmen's Compensation law, occupational disease law, or laws of a similar character" applies to situations where benefits are received under the guise of a workmen's compensation statute, without regard to whether recovery is proper under those statutes; and that the phrase "injury arising out of or in the course of any occupation or employment for compensation, profit or gain" applies only where benefits are properly recoverable under the compensation statutes, i. e. whether a plaintiff would ultimately prevail in a workmen's compensation suit.
It contends that plaintiff in the instant case is automatically precluded from benefits by virtue of the first exclusion because he received a compensation settlement, and that it makes no difference whether his benefits were properly payable under our compensation statutes. We disagree and find that the insurer has placed a strained interpretation on its policy.
The exclusion refers to "sickness" on the one hand, and "injury" on the other. "Sickness" is coupled with terms referring to workmen's compensation statutes. "Injury" is coupled with the standard formula "arising out of or in the course of." The reason for this seems clear. "Sickness" and "injury" are generally understood to have different meanings. Our compensation statutes provide for benefits for an employee for a "personal injury by accident arising out of and in the course of his employment." La. R.S. 23:1031 (emphasis supplied). On the other hand, our compensation statutes provide for benefits for an employee for an occupational disease, which we feel can be equated with "sickness," only under the conditions provided for in La. R.S. 23:1031.1. By using the term "sickness" and "injury" the insurer attempted to cover all situations where recovery might be had by an employee under the workmen's compensation statute, whether the malady be considered a personal injury or occupational disease.
Defendant also maintains that the multiple coverage limitations would prevent plaintiff from collecting under the policy. This provision states:
"If any person covered under this policy is also covered under any other Plan (as defined below) and is entitled to benefits or services as to medical care, services or supplies for which benefits are payable under this policy, the benefits otherwise payable under this policy shall be adjusted to the extent hereinafter provided if required by the terms of this provision so as to take account of the benefits or services under such other Plan.
As used in this Multiple Coverage Limitation and Coordination provision,
1) `Plan' means any plan providing benefits or services for or by reason of medical or dental care or treatment which benefits or services are paid for, payable, or furnished under any group, franchise, or blanket insurance, group Blue Cross, group Blue Shield, or other group service or prepayment plan participated in by payroll deduction, contribution, or otherwise by an employer, trustee, union, or employee benefit association, or any federal, state or other governmental plan or *1377 law, as reported to the Company by the Policyholder or otherwise, to the extent so paid for, payable or furnished.
....."
The insurer maintains that a workmen's compensation settlement would fall into the definition of "plan" as being a "state or other government plan or law."
We feel that under both the exclusionary provision and the multiple coverage limitations the essential inquiry remains: Is the "sickness" or "injury" suffered by the claimant properly compensable under our workmen's compensation statutes. Turning to the instant case, we find that plaintiff's illness could not be compensated under our workmen's compensation law.
The only medical evidence contained in the record bearing on the cause of plaintiff's illness is a letter from Dr. G. L. Hovnatanian, who treated plaintiff in October of 1974, entered into the record without objection. This letter states, in part:
"As for his diarrhea and proctitis, I should state that while there is a possibility that Mr. Sanders' work could be related to this condition, there is no clinical way to prove or rule this out. I should also state that this possibility is rather remote."
The only other evidence bearing on this point is the testimony of plaintiff, who stated that he thought that the chemicals which he was using aggravated his previous condition and that the chemicals caused dizziness.
We feel, as did the trial judge, that this evidence is insufficient to establish that plaintiff's illness was related to his work and compensable in workmen's compensation. We consider the cause of plaintiff's illness a fact question, and will not reverse a factual determination in the absence of manifest error.

II.
In his prior workmen's compensation suit, plaintiff alleged, inter alia, the following:

"5.
Plaintiff then and there sustained an accidental injury in substantially the following Manner: He contacted [sic] an occupational disease while inhaling various insecticides in association with his work.

6.
a. poisioning from various chemicals, and
b. traumatic neurosis, conversion hysteria, and other functional disorders.

7.
In addition to the injuries hereinabove referred to, and as a direct result of the accident, plaintiff sustained traumatic aggravation, acceleration and precipitation of pre-existing dormant and underlying conditions, which, prior to the accident, did not adversely affect his ability to work."
Defendant contends that the plaintiff should be bound by these allegations by virtue of Article 2291 of the Louisiana Civil Code.
Article 2291 provides:
"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to a full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law."
We find that the concept of judicial confession is not applicable to this controversy. The workmen's compensation proceedings were completely separate from the proceedings presently before us. The defendant was also completely different. As such, the unrelated petition did not bind plaintiff in the present suit.

*1378 III.
Defendant also maintains that plaintiff should be equitably estopped from taking a position contrary to his prior pleadings and the subsequent compromise.
The Louisiana Supreme Court discussed the doctrine of equitable estoppel in American Bank and Trust Company v. Trinity Universal Insurance Company, 251 La. 445, 205 So.2d 35 (1967). It stated:
"Equitable estoppel may be defined as the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied upon such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct. Founded upon good faith, the doctrine is designed to prevent injustice by barring a party, under special circumstances, from taking a position contrary to his prior acts, admissions, representations, or silence. . . .
Since estoppel bars the normal assertion of rights, courts apply the doctrine cautiously. . . .
To raise an equitable estoppel, the record must establish not only that the pleader relied upon a representation or other conduct, but also that he was justified in so doing. Justifiable reliance is fundamental." [Citations omitted]
See also, Holleyman v. Garbarino, 358 So.2d 365 (La.App. 3rd Cir. 1978), writ denied, 359 So.2d 1304 (La.1978).
Crucial to the argument is the showing of detrimental reliance. The insurer here has shown no such reliance, and, therefore, this argument is rejected.

IV.
La. R.S. 22:657 provides for a penalty payable to the insured at double the amount of health and accident benefits due and for attorney's fees, where the insurer unreasonably and imprudently withholds benefits. Defendant argues that it had a reasonable basis for withholding benefits.
We find that the insurer did not have a reasonable basis for withholding benefits in this case. Although an insurer has a right to test its liability on an insurance contract and demand a judicial interpretation of its policy provisions, the company must do so at its own expense and not at the expense of the insured. Rushing v. American Income Insurance Company, 274 So.2d 458 (La.App. 3rd Cir. 1973); Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3rd Cir. 1971); Niles v. American Bankers Insurance Company, 229 So.2d 435 (La.App. 3rd Cir. 1969), writ denied 255 La. 479, 231 So.2d 394 (1970).
The trial court awarded attorney's fees in the amount of $1,500.00, which defendant contends is excessive. The amount awarded rests largely within the discretion of the trial judge. Humphries v. Puritan Life Insurance Company, 311 So.2d 534 (La. App. 3rd Cir. 1975); Niles v. American Bankers Insurance Company, supra. Considering the services rendered by plaintiff's counsel, we think that the amount of attorney's fees is fair.
For the above reasons the judgment of the District Court is affirmed at appellant's costs.
AFFIRMED.