391 So.2d 737 (1980)
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,
v.
Robert BELLAR, Appellee.
No. 79-1820.
District Court of Appeal of Florida, Fourth District.
December 24, 1980.
H. Clay Roberts of Dixon, Dixon, Hurst, Nicklaus & Webb, Miami, for appellant.
Robert L. Beals of DiGiulian, Spellacy & Meyer, Fort Lauderdale, for appellee.
LETTS, Chief Judge.
The trial court entered summary judgment in favor of a self-employed husband, injured while in the course of, and within the scope of, his employment. The ruling as a matter of law, granted coverage to the husband under his wife's group insurance policy issued by her separate employer. We reverse.
The wife's group insurance policy contained the following exclusionary clause:
(1) Occupational Injury or Disease Charges  charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit or (b) disease covered, with respect to such employment, by any workmen's compensation law, occupational disease law or similar legislation.
Basically, the Husband argues that this clause should be interpreted to exclude injury only if the injured is otherwise covered by workmen's compensation which the Husband here was not. To reach this result one must ignore the (a) and (b) separation of the quoted exclusionary clause and substitute "and," for the disjunctive "or." We simply cannot permit such a substitution or turn a blind eye to the plain intent of the (a) and (b) separation in the sentence quoted above.
In reaching our conclusion we are not unmindful that exclusionary language is to be construed most strongly against the insurer. Stuyvesant Insurance Company v. Butler, 314 So.2d 567 (Fla. 1975) and that ambiguity should be resolved against the insurance company which drafts the contract. Daleo v. Bert and Bette Bayfront 66 Marine, 273 So.2d 113 (Fla. 3d DCA 1972). To this end it is persuasive for the husband to argue that there is ambiguity here because the courts have reached contrary results on similar clauses. See United Benefit Life Insurance Company of Omaha v. Glisson, 105 Ga. App. 122, 123 S.E.2d 350 *738 (1961) and Rankin v. New York Life Insurance Co., 240 So.2d 758 (La. App. 1970). As the Husband argues, in a well written brief, "If the Georgia and Louisiana Courts of Appeal construed virtually identical language differently from the Courts in Oklahoma and the U.S. Court of Appeals Tenth Circuit then there must be ambiguity in the exclusionary clause"; ergo this Fourth District Court has no business reversing the trial judge. However, the clauses in the Georgia and Louisiana cases cited were not identical to the clause here under consideration, whereas the clause in the Oklahoma and Tenth Circuit cases involve the very same Insurance Company and is identical to the one now before us. See Wilson v. Prudential Insurance Company of America, 528 P.2d 1135 (Okl.Ct.App. 1974) and Roskell v. Prudential Insurance Company of America, 529 F.2d 1 (10th Cir.1976).
Much as we would like to find coverage for this injured Husband we agree with the Oklahoma case cited and find its logic reiterated below irrefutable:
Such an interpretation would require a rearrangement of the clauses or a change of the disjunctive "or" to the conjunction "and" and a deletion of the clause separating devices (a) and (b). Such a restructuring of the sentence would do violence to the contract language and would be in violation of established grammatical rules of construction.
Clauses (a) and (b) are connected by the disjunctive word "or" and are separated by the separating device of using (a) and (b). Charges in connection with injuries arising in the course of employment are excluded regardless of coverage or lack of coverage by any workmen's compensation laws. The qualifying words of limitation relating to workmen's compensation laws are properly restricted to the last antecedent "diseases" and do not limit or restrict the more remote antecedent "injury." Wilson v. Prudential Insurance Company of America, supra, at 1137.
Accordingly, we hold that the exclusionary clause first above cited clearly excludes the self-employed Husband injured in the course of, and within the scope of his employ.
REVERSED WITH DIRECTIONS TO THE TRIAL COURT TO ENTER SUMMARY FINAL JUDGMENT IN ACCORDANCE HEREWITH.
ANSTEAD and HERSEY, JJ., concur.