The FIDELITY & CASUALTY COMPANY OF NEW YORK, Plaintiff-Appellee,

v.

SUPERIOR CASING CREWS, INC., Defendant-Appellee,

v.

LLOYDS UNDERWRITERS et. al., Defendants-Third Party Defendants-Appellants.

No. 80–3625
Summary Calendar.

United States Court of Appeals, Fifth Circuit.
Unit A

April 9, 1981.

Rehearing Denied June 4, 1981.

Clarence A. Frost, New Orleans, La., for defendants-third party defendants-appellants.

Stockwell, Sievert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, La., for Fidelity.

Jerry H. Schwab, Houma, La., for Superior Casing.

Before BROWN, POLITZ and TATE, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Defendants, Lloyds Underwriters, Orion Insurance Co., Ltd., London and Overseas Insurance Co., Ltd., British Law Insurance Co., Insurance Company of North America, and United Standard Insurance Co., Ltd. (Lloyds), appeal District Court's judgment in favor of plaintiff, Fidelity & Casualty Company of North America (Fidelity) in action for post-judgment interest, and in favor of Superior Casing Crews (Superior) for attorneys' fees due to Lloyds' refusal to pay interest. Lloyds argue District Court erred in its awards because (i) Fidelity does not have a right of direct action against Lloyds, (ii) as excess insurers they were not obligated to pay both pre and post-judgment interest, and (iii) Superior was not entitled to recover attorneys' fees. Finding Lloyds' contentions without merit, we affirm.

## I.

Wesley J. Law was an employee of Superior and died as the result of an accident while performing work on a platform owned by Continental Oil Co. (Continental). His widow brought suit on behalf of herself and his children and judgment was obtained as amended by this Court in the amount of $110,287.66 plus legal interest of $48,250.85 as of the date judgment was satisfied, making a total of $158,538.51. *Law v. Sea Drilling Corp.*, 510 F.2d 242 (5th Cir. 1975).

By an express contractual agreement Superior was obligated to defend Continental and indemnify it against any judgment that might be rendered against Continental growing out of the accident to Wesley Law. At the time of the accident Superior was insured by LaSalle Casualty Co. (LaSalle) who issued a policy providing limits of $5,000 and by Lloyds which provided excess liability coverage of $95,000 not covered by the $5,000 underlying limits. In partial satisfaction of the total judgment, Superior paid $10,287.66 which represented payment of the uninsured portion of the judgment plus legal interest, LaSalle paid $5,000 plus legal interest, while Lloyds paid $95,000, but refused to pay the accrued interest thereon.

Under a policy of liability insurance issued to Continental, Fidelity was obligated and did pay the accrued interest of $41,562.50 which Lloyds had refused to pay, thereby becoming subrogated to the rights of Continental. Fidelity then sued Superior and Lloyds for reimbursement of the $41,562.50 paid, plus attorneys' fees. Superior filed a third-party demand for indemnification against LaSalle and a cross-claim against Lloyds for indemnification and attorneys' fees.

LaSalle didn't answer and was defaulted. With respect to the other parties, District Court held (i) the Louisiana Direct Action Statute did not apply since no tortious injury was involved, but (ii) Lloyds could still be sued where conditions of the excess policy's "no action" clause had been fulfilled, (iii) Lloyds was liable under LSA-R.S. 13:4203 for the pre and post-judgment interest on the $95,000 (equaling $41,562.50) paid by Fidelity, (iv) since Superior was not liable its cross-claim against Lloyds for indemnification and third-party demand against LaSalle are moot, (v) Fidelity is not entitled to attorneys' fees in prosecution of this action, but (vi) Superior was entitled to $1,200 stipulated attorneys' fees for Lloyds' arbitrary failure to pay its claim.

## II.

■ Initially, Lloyds argues District Court erred in holding Fidelity as the contractual insurer of Superior, may pursue a cause of action against it. To support this contention, Lloyds asserts Fidelity's action is purely contractual and the jurisprudence clear the Louisiana Direct Action Statute, LSA-R.S. 22:655, does not apply to claims for breach of contract, citing *Taylor v. Fishing Tools, Inc.*, 274 F.Supp. 666, 673 (E.D. LA.1967).

These contentions, however, are frivolous. Close examination of District Court's ruling reveal it did not rely on the Louisiana Direct Action Statute to support Fidelity's claim. On the contrary, District Court found § 22:655 inapplicable.

Rather, District Court noted condition one of the "no action" clause of Lloyds' excess policy provided liability attached once the primary insurer had paid its policy limits plus interest as was done in this case. In light of *Morse v. Hartford Casualty Insurance Co.*, 326 So.2d 390 (La.App.3d Cir. 1976), which held a claimant still has a direct action against the insurer even where the Direct Action Statute is inapplicable if the conditions of the "no action" clause have been fulfilled, *id.* at 392–93, District Court properly permitted Fidelity to pursue its Continental subrogated claim against Lloyds.

Lloyds next contends District Court erred in requiring it pay both the pre and post-judgment interest. Because Fidelity's claim is in tort, not contract, Lloyds argues LSA-R.S. 13:4203 is not applicable to this case, making the terms and conditions of Superior's primary and excess policies con-

trol the extent of their liability for interest. Under those terms, Lloyds alleges it owes no liability to Fidelity because (i) its policy defines "costs" as including only post-judgment interest, not pre-judgment interest, and (ii) LaSalle, the primary insurer, is responsible for paying all post-judgment interest since its policy jacket provides for the payment of interest on the entire judgment.

 In assessing the interest against Lloyds, District Court did not rely on LSA-R.S. 13:4203, but instead looked at the policies and properly held Lloyds liable. Lloyds' excess policy expressly provides for payment of "the amount payable in settlement of the liability of the employer," which includes pre-judgment interest. The policy further provides Lloyds is responsible for its pro rata share of those costs (post-judgment interest) to which it consented. Since an insurer is responsible for the payment of interest on its policy limits, *see Glazer v. Louisiana Trailer Sales, Inc.*, 313 So.2d 266 (La.App. 4th Cir. 1975), and Lloyds consented to the taking of this earlier appeal on the merits of Laws' claim, District Court properly determined Lloyds is responsible for both the pre and post-judgment interest.

As a final assignment of error, Lloyds complains District Court imposed against it pursuant to LSA-R.S. 22:658 the $12,000 stipulated cost of Superior's attorneys' fees. Lloyds argues LSA-R.S. 22:658 provides for the imposition of attorneys' fees as a penalty for the arbitrary or capricious failure to pay a claim of which there is no evidence in this case. It is clear from a reading of the policy, however, Lloyds was obligated to pay both the pre and post-judgment interest. Misinterpretation by an insurer of its policy of insurance is not a reasonable ground for delaying payment of benefits and does not relieve an insurer of the payment of attorneys' fees. *Sanders v. General American Life Insurance Co.*, 364 So.2d 1373, 1378 (La.App.3d Cir. 1978); *Rushing v. American Income Insurance Co.*, 274 So.2d 458, 460 (La.App.3d Cir. 1973). District Court properly imposed the assessment against Lloyds.

Judgment of District Court is affirmed. AFFIRMED.