Janet WILSON, Appellant,

v.

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.

No. 57208.

Supreme Court of Oklahoma.

May 4, 1982.

Rick Rodgers, Duncan, for appellant.

Steve Lile, Lawton, for appellee.

IRWIN, Chief Justice:

The trial court denied appellant recovery on an insurance policy because her injury

was within a category which was excluded from coverage. Appellant appealed and we affirm.

Appellant was an employee of a nursing center. She was not covered by Workers' Compensation. She was, however, covered as a dependent by her husband's health insurance, a group policy written by the appellee for her husband's employer. A clause in that policy made the following exclusion from coverage:

... charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit or (b) disease covered, with respect to such employment, by any workmen's compensation law, occupational disease law or similar legislation.

The appellant was injured during the course of her employment and she filed a claim under her husband's insurance policy. When the appellee refused to pay the claim, she filed her action in the district court. The district court sustained appellee's demurrer, ruling that the above quoted clause excluded appellant from coverage for injuries sustained in the course of her employment.

The Court of Appeals in *Wilson v. Prudential Insurance Company of America*, Okl.App. 528 P.2d 1135 (1974), considered an identical exclusionary clause as presented here and affirmed a trial court's order denying recovery on the theory that an injury that occurred in the course of insured's employment was excluded from coverage. We agree with the court of appeals.

The decision of the Court of Appeals in *Wilson v. Prudential Insurance Company of America*, Okl.App. 528 P.2d 1135 (1974) is approved for official publication but only that part of the opinion relating to the exclusionary clause is given precedential value. That part of the opinion which relates to "damages in addition to the benefits allegedly owing under the insurance policy ..." is disapproved. See *Christian v. American Home Assurance Company*, Okl. 577 P.2d 899 (1978), promulgated approximately three and one-half years after *Wilson v. Prudential Insurance Company of America, supra*, became final.

We hold that appellant's injury was excluded from coverage and the trial court correctly sustained the appellee's demurrer.

AFFIRMED.

BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA, and WILSON, JJ., concur.