PER CURIAM.
This action recurs following our decision in Yambo v. General American Insurance Co., 400 So.2d 770 (Fla. 3d DCA 1981). The trial court, after a non-jury trial, entered its judgment finding General American liable to Yambo for his liability to Parkway General Hospital upon a finding, inter alia, that the industrial claims judge had “denied” Yambo’s workers’ compensation claim. For the reasons which follow we reverse.
As an employee of Southern Wine and Spirits, Inc., Yambo was included in Southern Wine’s group health care insurance policy issued by General American. Along with the master policy Southern Wine received, to be distributed to its employees, booklets describing the policy’s provisions. The policy included the following provision:
Benefits shall not be payable under the Major Medical Expense Insurance provisions of this policy for or in connection with any of the following:
12) sickness covered by Workmen’s Compensation law, occupational disease law, or laws of a similar character; or injury arising out of or in the course of any occupation or employment for compensation, profit or gain; ...
The record below reveals: Yambo was treated at Parkway General Hospital on February 19, 1976, for an injury described in hospital records as consisting of a back and neck injury caused by falling out of a chair at work on February 17, 1976. Yam-bo was again treated at Parkway General on April 13, 1976, for an injury described in *301 hospital records as a pain in the back caused by picking up a heavy case of liquor at work on April 12,1976. Yambo was admitted to Parkway General on April 20, 1976, with an admitting diagnosis of back injury and hematuria for an accident described as occurring on the job on March 1, 1976. Yambo was discharged on May 18, 1976, and readmitted on May 24,1976, for a total of 70 days of hospitalization.
Pursuant to section 440.20(10), Florida Statutes (1977), Yambo entered into a stipulation, approved by the industrial claims judge, whereby Yambo received from Southern Wine’s workers’ compensation carrier a lump sum settlement in exchange for a discharge of any workers’ compensation liability for the above injuries.
Because (1) it is clear from the record that the injuries were work-related, (2) the industrial claims judge did not find, as the trial court apparently inferred from the workers’ compensation order, that the injuries did not arise out of or in the course of Yambo’s employment, and (3) the workers’ compensation order could not, in any event, act as a collateral estoppel as to this issue between the present parties, and certainly was not res judicata, see Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Dixie Farms, Inc. v. Hertz Corp., 343 So.2d 633 (Fla. 3d DCA 1977); Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972), we reverse the judgment under review.
Reversed.