HENDRY, Judge.
This consolidated appeal arises out of a coverage dispute between the plaintiff, Eddie Fisher, and the defendant, General American Life Insurance Company. The trial court heard cross-motions for summary judgment, granting plaintiff's motion for summary judgment and denying defendant’s motion. We affirm.
The pertinent facts are as follows. Plaintiff and a coworker, while at work, played a practical joke on the shop manager. During the prank, a can of denatured alcohol exploded, badly burning plaintiff. Plaintiff initially filed a worker’s compensation claim, contending his injuries arose out of and in the course and scope of his employment. The industrial claims judge denied plaintiff’s claim, finding that the prank, “while occurring on the employer’s premises, had absolutely nothing to do with the work Mr. Fisher was engaged in, but was in fact a clear example of complete deviation from work.”
Subsequently, plaintiff filed a claim with General American, the insurance company providing group medical coverage for plaintiff’s employer. Although plaintiff was otherwise covered as an employee, General American denied plaintiff’s claim, contending that an exclusionary provision denied coverage. The provision states that benefits are not payable for:
11) sickness covered by Worker’s Compensation, occupational disease law or similar laws; or injury if it arises out of employment for pay, profit, or gain_
The plaintiff then filed this suit against General American, seeking to recover medical expenses and attorney’s fees. The trial court granted plaintiff’s motion for summary judgment, finding General American liable for medical expenses incurred by plaintiff. Defendant appealed.
The issue before this court focuses on the interpretation of the exclusionary provision. In his motion for summary judgment, as now on appeal, plaintiff argues that the provision creates a single exclusion which comes into play only when worker’s compensation benefits are recoverable for either injuries or illnesses. Plaintiff contends the provision was designed to avoid coverage when worker’s compensation is or should be present, so that the insurance policy cannot be used as a substitute for worker’s compensation or provide double coverage. In short, the purpose of the exclusion is to supplement worker's compensation coverage. When there is no recovery under worker’s compensation, the group insurance policy should protect the employee and pay benefits. In view of the fact that plaintiff was not entitled to receive benefits under the worker’s compensation laws, he maintains the exclusion does not apply. Accordingly, he claims entitlement to coverage under the group insurance policy.
Conversely, defendant contends the provision contains two separate and distinct exclusions. The first exclusion pertains to a sickness covered by worker’s compensation, while the second exclusion pertains to any injury arising out of employment, regardless of worker’s compensation coverage. The reference to worker’s compensation relates only to sickness, not both sickness and injuries. This distinction is evident by the use of the disjunctive “or” rather than the conjunctive “and” dividing the two clauses. Plaintiff was injured at the work site, while handling a flammable liquid he routinely used to perform his work. Defendant maintains that plaintiff’s injuries clearly arose out of his employ *33 ment; consequently, under the exclusion, plaintiff is not entitled to insurance coverage.
In General American Insurance Co. v. Yambo, 428 So.2d 300 (Fla. 3d DCA), review denied, 438 So.2d 835 (Fla.1983), this identical exclusionary provision was at issue, however, this court did not decide whether the provision excluded coverage for any injury occurring at work, regardless of worker’s compensation coverage. In Yambo, the court determined that plaintiff had received a lump sum settlement as a result of his worker’s compensation claim. The injuries sustained were also clearly work-related, therefore, plaintiff’s claim for insurance coverage was properly denied under the exclusionary provision. The court stated that the industrial claims judge did not find that the injuries did not arise out of or in the course of the plaintiff’s employment, thus the issue in the instant case was not present. In Fisher’s case, the industrial claims judge did find that the injuries did not arise out of or in the course of employment, thus worker's compensation benefits were denied.
Courts in other jurisdictions have been asked to construe the precise exclusionary provision here in question, but have reached contrary holdings. In Sanders v. General American Life Insurance Co., 364 So.2d 1373 (La.App. 3d Cir.1978), the court, after examining Louisiana's worker’s compensation laws, concluded that by employing the terms “sickness” and “injury” in the exclusionary provision, the insurer attempted to encompass all situations where an employee might recover under worker’s compensation laws, whether the claim be for personal injury or an occupational disease. Sanders, 364 So.2d at 1376. The essential question in determining whether the exclusionary provision should be applied, according to the Louisiana court, is whether the sickness or injury suffered by the employee is compensable under the worker’s compensation statutes. Sanders, 364 So.2d at 1377. If the claim is not compensable under worker’s compensation, the exclusion cannot be invoked.
A Georgia court in General American Life Insurance Co. v. Barth, 167 Ga.App. 605, 307 S.E.2d 113 (1983), interpreted the same provision found in Sanders and the instant case to consist of two separate and distinct exclusions. The court, after examining the punctuation dividing the two clauses, concluded that “the exclusion based upon coverage under worker’s compensation is separate from the exclusion relating solely to an injury arising out of ... employment.” Barth, 307 S.E.2d at 115. The Georgia court held that regardless of worker’s compensation coverage, no coverage existed under the exclusionary language of the policy if injury arose out of employment. Barth, 307 S.E.2d at 115.
Numerous jurisdictions have interpreted similar exclusionary provisions in other insurance policies, also reaching contrary holdings. In Prudential Insurance Co. of America v. Bellar, 391 So.2d 737 (Fla. 4th DCA 1980), a Florida court examined a provision with language similar to that found in the General American policy, but the Prudential policy also contained an (a) and (b) separating the two exclusionary clauses. The fourth district court concluded that the drafters, by using the separating devices (a) and (b), intended to create separate exclusions. Thus, “[t]he qualifying words of limitation relating to workmen’s compensation laws are properly restricted to the [clause relating to sickness] and do not limit or restrict the [clause relating to] injury.” Bellar, 391 So.2d at 738, (quoting Wilson v. Prudential Ins, Co. of Am., 528 P.2d 1135 (Okla.Ct.App.1974), aff’d, 645 P.2d 521 (Okla.1982)). See also Roskell v. Prudential Ins. Co. of Am., 529 F.2d 1 (10th Cir.1976). But see Montoya v. Travelers Ins. Co., 91 N.M. 667, 579 P.2d 793 (1978) (the court rejected the argument that the use of separating devices creates two distinct exclusions, instead holding that the provision was intended to be read as a whole, with the term worker’s compensation modifying both sickness and injury).
Segelstrom v. Blue Shield of Florida, Inc., 233 So.2d 645 (Fla. 2d DCA 1970), provides another example of an exclusionary provision analogous to the provision in *34 the General American policy. The Blue Shield provision excluded coverage for any occupational condition, ailment, or injury arising out of and in the course of employment. The plaintiff was a temporary employee not covered by the worker’s compensation laws. He claimed that the exclusionary provision applied only to employees who received compensation under the worker’s compensation laws. This was a novel question in Florida, therefore, the second district court looked to other jurisdictions in deciding that the exclusion was intended “to prevent double recovery and yet to provide ample coverage for the employees insured.” Segelstrom, 233 So.2d at 646. Accordingly, the court held that the phrase “arising out of and in the course of employment” as used in the policy did not refer “unambiguously to any employment whatsoever, whether otherwise affording protection or not.” Segelstrom, 233 So.2d at 646. See also United Benefit Life Ins. Co. of Omaha v. Glisson, 105 Ga.App. 122, 123 S.E.2d 350 (1961); Rankin v. New York Life Ins. Co., 240 So.2d 758 (La.Ct.App. 2d Cir.1970), cert, denied, 257 La. 276, 242 So.2d 247 (1971).
A review of these decisions leads this court to conclude that the provision in the General American insurance policy is ambiguous, in that two inconsistent interpretations are possible. Ambiguities in insurance policies are traditionally construed in favor of the insured and against the insurer. Stuyvesant Ins. Co. v. Butler, 314 So.2d 567 (Fla.1975); Zautner v. Liberty Mutual Ins. Co., 382 So.2d 106 (Fla. 3d DCA 1980). Moreover, if there is any ambiguity in an exclusionary provision of an insurance policy, the provision must be construed in favor of the insured, and against the insurer who chose the specific language in drafting the policy. Collins v. Royal Globe Ins. Co., 368 So.2d 941 (Fla. 4th DCA 1979).
Notwithstanding the ambiguous language contained in the exclusionary provision, we hold that the more reasoned interpretation of the provision warrants a finding in favor of the plaintiff. The decisions construing the exclusion as a single provision are more persuasive. Florida’s worker’s compensation laws, as the worker’s compensation laws of many other states, include coverage for both injury and occupational disease (or sickness) arising out of employment. The inclusion of the terms “sickness” and “injury” in a single provision in an insurance policy lends weight to the argument that the provision was drafted to be read together, with the phrase “[wjorker’s compensation, occupational disease law or similar laws” modifying both sickness and injury. This interpretation is in accordance with “the purpose of the exclusion being to prevent double coverage and yet provide ample coverage for employees insured.” Segelstrom, 233 So.2d at 646. Further support for this holding is provided by the insurance policy itself. Each exception or exclusion listed in the policy is individually numbered, hence, if the drafters intended the quoted provision to include two separate and distinct exclusions, they would have listed each clause under a separate number. See Blaylock v. Life Ins. Co. of N. Am., 615 F.Supp. 310 (N.D.Miss.1985).
As a result of our holding we need not consider other issues raised on appeal, with the exception that we find the trial court did not abuse its discretion in awarding plaintiff $15,000 in attorney’s fees as provided by section 627.428, Florida Statutes (1985). Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
Affirmed.