**Kathy KACZMAREK, Plaintiff,**

v.

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. LR–C–89–544.**

United States District Court,
E.D. Arkansas, W.D.

Sept. 28, 1990.

Silas H. Brewer, Jr., Kaplan, Brewer and Maxey, Little Rock, Ark., for plaintiff.

Byron C. Freeland, Mitchell, Williams, Selig & Tucker, for defendant.

## MEMORANDUM OPINION

ROY, District Judge.

This case is before the Court upon the submission of a stipulation of facts and the briefs of the parties. The Court has reviewed the stipulated facts, the exhibits, and the arguments of both sides and has determined that, for the reasons hereinafter set forth, defendant is not liable for the charges claimed by plaintiff.

Plaintiff's husband, Kenneth Kaczmarek, has been employed by the University of Arkansas since September 14, 1987. Plaintiff is a covered dependent under the group health insurance plan provided to her husband. This suit arose when defendant declined to pay benefits to plaintiff under the plan for certain chiropractic services obtained by plaintiff for treatment of a painful back condition.

Plaintiff is a self-employed hairdresser and has been for a number of years. In 1986, she leased operator space and pursued her trade at two different locations, Markham House Salon and Pleasant Hill Retirement Center. She provided beauty services to customers at Markham House three and one-half days per week and at Pleasant Hills two days per week. It appears that plaintiff was not actually em-

ployed by either of the two establishments at which she worked; rather, as noted previously, she was self-employed.

In her complaint filed in the Circuit Court of Pulaski County, Arkansas, plaintiff alleged that she "sustained serious low back injuries in March 1986 while working as a self-employed hairdresser at the Markham House Salon...." [1] Immediately after her injury, plaintiff was hospitalized for five days and underwent a number of diagnostic tests and examinations. Her doctors recommended medication, therapy and rest in lieu of surgery. She started receiving chiropractic treatments shortly thereafter and has continued to get them every two or three weeks since that time. Although plaintiff has reduced the number of hours she works each day, her back continues to cause her pain and other problems.

Plaintiff's husband was employed by an air conditioning company and had different health insurance at the time of her injury in 1986. That carrier paid all of the claims filed by plaintiff for her hospitalization, tests and treatments provided until September 1987, when her husband began working in his new job. Plaintiff states that she was initially advised by a representative of defendant that her claims for treatments for her back injury would not be covered by defendant for a certain period of time on account of a pre-existing condition exclusion. Subsequently, however, plaintiff was informed that defendant would not pay any such claims due to the exclusion in their policy of "expenses in connection with bodily injuries arising from or in the course of any employment." Plaintiff then filed the instant action on May 25, 1989.

Plaintiff contends that the Court should find that the claims in question are covered by defendant's group life and health insurance plan for two reasons—first, because the term "employment" is ambiguous as used in the policy, and, second, because the exclusionary provision relied upon by defendant in denying the claims was intended only to exclude claims for which workers' compensation remedies were obtainable. In response, defendant argues that there is no ambiguity with respect to the term "employment" and that the clear intent of the exclusion is to deny coverage for claims for injuries arising from employment or illnesses for which benefits are provided under any workers' compensation act or similar law.

■ The initial determination of the existence, or non-existence, of an ambiguity in a contract is a question of law for the court. *C. & A. Construction Co., Inc. v. Benning Construction Co.*, 509 S.W.2d 302, 256 Ark. 621 (1974); *Gilstrap v. Jackson*, 601 S.W.2d 270, 269 Ark. 876 (App. 1980). The Court finds that there is nothing ambiguous about the term "employment" as it is used in the insurance policy. In her complaint plaintiff described herself as being self-*employed.* (emphasis added) Employment is commonly used and understood to refer to one's work. There is no question but what plaintiff worked as a hairdresser. Whether plaintiff worked for someone else or was self-employed at the time of her injury is of no legal significance herein. The Court finds no ambiguity in the insurance policy with respect to the term "employment." It is stipulated that plaintiff was assisting a customer when she first injured her back. Accordingly, the Court finds that plaintiff's back injury arose in the course of her employment.

■ As for plaintiff's other point, defendant's group health plan contains, among others, the following exclusions:

Benefits will not be payable under the plan for:

—Expenses in connection with bodily injuries arising from or in the course of any employment

—Expenses in connection with illnesses for which benefits are provided under any workers' compensation act or similar law

1. In her deposition, plaintiff testified that she initially injured her back while working at Pleasant Hills. However, the location at which she was working when she sustained the injury is immaterial to our purposes here.

Group Insurance Plan at p. 30. Plaintiff suggests that the Court should interpret these provisions "to be coextensive with the coverage of the state compensation act." That is, plaintiff would have the Court hold that these exclusions apply only to claims arising from injuries or illnesses which are covered by Arkansas' workers' compensation laws. Plaintiff further argues that the quoted exclusionary provisions are, at the very least, ambiguous and that under Arkansas law the ambiguity should be resolved in favor of the insured.

Defendant responds to plaintiff's arguments on this question by citing the Court to two state court decisions from Oklahoma and Florida, *Wilson v. Prudential Insurance Company of America*, 645 P.2d 521 (Okla.1982), and *Prudential Insurance Company of America v. Bellar*, 391 So.2d 737 (Fla.App.1980). Defendant argues that this Court should apply the plain meaning of the language used in the policy and find, as the courts did in *Wilson* and *Bellar*, that no coverage exists.

It appears that *Wilson* and *Bellar* are squarely on point with the case *sub judice*. The insurance policies involved in those cases excluded from coverage, in pertinent part:

> ... charges incurred in connection with (a) injury arising out of, or in the course of, any employment for wage or profit or (b) disease covered, with respect to such employment, by an workmen's compensation law, occupational disease law or similar legislation.

The Court recognizes that any ambiguity should be resolved in favor of plaintiff. However, the Court finds no ambiguous language in the exclusionary provisions before it. Although sympathetic to plaintiff's situation, the Court cannot find coverage here without doing violence to the clear meaning of these clauses. The Court declines to do that.

Accordingly, the Court finds that the cited exclusionary provisions from defendant's policy plainly and clearly exclude charges incurred by plaintiff in connection with her back injury which arose in the course of her work as a self-employed hair-

dresser. Judgment in accordance with this Opinion shall be entered contemporaneously herewith.